Respondents brought an action for rescission of a contract for failure of appellant to perform his covenants thereunder. The complaint alleged that the contract required the appellant to cut hemlock logs on the Frank Theiler estate and to cut, skid, haul to mill, and cut into lumber all logs cut down. The contract was attached to and made a part of the complaint. By its terms it required appellant to cut the logs and skid them across a marsh before April 1, 1947, and to cut them into lumber by July 1, 1947. The contract further provided that before being cut into lumber the logs were to be divided between the parties equally.
It was also alleged that the reason that time element was placed in the contract was that the respondent Charles M. Bextel would be leaving Lincoln county shortly after July 1, 1947, and that it was of the essence of the contract.
The appellant answered; admitted the contract; denied that he had refused to perform according to its terms; and alleged that he had performed all terms of the contract by him to be performed, except as to those things which respondents refused to permit him to perform.
By way of counterclaim he alleged that he had cut, hauled, and decked one hundred seventy-seven, logs and six and one-half cords of pulpwood, and was entitled to half of each, and asked judgment for their value in the sum of $500.
On the 28th day of August respondents moved to strike the answer as sham and for summary judgment rescinding the contract and terminating the appellant's rights thereunder. This motion was supported by the affidavit of respondent Charles M. Bextel, which, after reciting the execution of the contract and its terms, contained the following statements by affiant:
"That contrary to said agreement on the first day of July, 1947, the defendant had sawed none of said logs, had not even moved his portable mill upon the premises and for a space *Page 569 
of one month prior to the time that the logs were to be sawed; he had not even been in the vicinity but was employed in the city of Madison, Wisconsin.
"Affiant further states that on the 30th day of June, 1947, the defendant approached this affiant and requested an extension of time within which to perform said agreement; that he then and there agreed that he would definitely have his portable mill moved upon the premises and have sawing commenced by the 7th day of July, 1947, and that all of the logs would be sawed pursuant to the terms of the contract, on the 15th day of July, 1947.
"Affiant further states that the defendant wholly failed to move his portable mill upon the premises, as per the terms of the extension of said agreement and as late as the 15th day of July, 1947, the mill still had not been moved to the premises and absolutely no work had been done, toward sawing said logs, by the said defendant; no further discussions were had between the plaintiff and the defendant until twelve days had elapsed from the date of the 15th day of July, 1947, when the defendant attempted to move a portion of the logs from the land described in the complaint, for the purpose of selling the same without their having been sawed and at that time this affiant notified the defendant that all rights under the terms of said contract had been terminated as of the 15th day of July, 1947, as per the terms of their oral extension.
"Affiant further states that all during the life of said contract he has been awaiting orders from the United States army with whom he will be employed as a photographic equipment specialist and that this fact was made known to the said defendant at the time of the original agreement and at the time when the oral extension of said agreement was granted and at both said times affiant informed the defendant that it was absolutely necessary to have the work performed upon the agreed date since this affiant might receive orders to report at any time; this fact was especially mentioned when the oral extension was granted upon the first day of July, 1947, at which time this affiant especially stated that the work absolutely had to be done by the 15th day of July, or all rights to the contract would have to be terminated."
Upon the hearing of this motion and the record as thus established, the trial court, on August 30th, ordered the entry *Page 570 
of a summary judgment. On November 3, 1947, the clerk entered judgment extinguishing all right and interest of the appellant in the logs. This appeal was thereupon perfected.
While it is true that under the circumstances which surround this contract there might ordinarily be a question of whether there was such a substantial performance of the contract as to entitle the appellant to an interest in the produce of his labors, no such defense was pleaded by him; and inasmuch as his sole defense was an attempt to emasculate the contract and claim the right to half the logs without sawing, which he was entitled to only after sawing, the trial court was entirely justified in concluding that since that was the only defense offered, it must be his best. The court rightfully determined the answer to be sham and entered summary judgment in favor of the respondents.
The appellant offered no counteraffidavit in opposition to the respondents' motion for summary judgment, and the evidentiary matters therein stated must be deemed to be uncontroverted. From the affidavit it appears that the only interference with the appellant by respondents was in refusing to allow him to remove one half of the logs before completing performance of the contract.
Since the record shows that the appellant abandoned the contract without cause or excuse, the trial court was right in entering summary judgment in favor of respondents.
By the Court. — Judgment affirmed. *Page 571