LESZCZYNSKI, Appellant, v. SURGES and wife, Respondents.

*March 2—April 12, 1966.*

For the appellant there was a brief by *Lichtsinn, Dede, Anderson & Ryan* of Milwaukee, and oral argument by *Eldred Dede.*

For the respondents there was a brief by *Eisenberg & Kletzke,* attorneys, and *Ralph Lessing* of counsel, all of Milwaukee, and oral argument by *Mr. Lessing.*

HALLOWS, J. We conclude the trial court was correct in denying summary judgment although we reach that result on slightly different grounds.

From the complaint we learn that in 1929 Stanley L. Krzysko owned eight lots, four of which fronted on South Forty-third street and four on South Forty-fourth street in the city of Milwaukee. The back boundaries of these lots were common. These lots and the sunken garden are shown in the diagram. On August 12, 1929, Krzysko conveyed to John Leszczynski and his wife Setryda lots 22, 23, 8, and 9. Setryda was a sister of Mrs. Krzysko. After Setryda Leszczynski's death in 1933, John Leszczynski married the plaintiff Celia Leszczynski who became the sole owner of these lots upon Mr. Leszczynski's death on October 27, 1949.

The defendants, who are now the owners of lots 24, 25, 6, and 7, trace their title to Kryzsko by the purchase of the lots from his estate on December 17, 1954. The plaintiff in her complaint claims title and ownership to all of lot 8 although part of a sunken garden is located thereon. It is alleged in the complaint that while Krzysko was the owner of the lots he improved them without regard to boundaries and after the conveyance to the plaintiff's predecessors, the Leszczynskis, the parties did not construct any fence between the premises owned by them

respectively "but, without particular regard to any particular boundary line used the rear vacant portions thereof for their own mutual advantage, including the construction and improvement of the same by a sunken garden mainly located upon lot 7 but extending partially into lot 8."

The complaint also alleges that any use by the defendants and their predecessor in title was a permissive use of lot 8. The affidavit in support of the complaint repeats almost verbatim the allegations of the complaint and in addition states it was not until October, 1964, that defendants put a low chicken-wire fence around the sunken garden; sometime after the defendants purchased the property they repaired a gate which provided joint access to both lot 7 and lot 8 on a common and nonexclusive basis and gave the plaintiff a key; and neither party had established the lot line or knew exactly the location of their lot line.

The answer creates an apparent issue of fact by alleging that the defendants' possession of that part of lot 8 occupied by the sunken garden was exclusive and they held such possession adversely to the plaintiff and her predecessors. It is alleged the defendants and their grantor cultivated, maintained and improved the entire sunken garden and the plaintiff and her predecessors were not in possession of that part of lot 8 for twenty years before this action was commenced. The answer also claims the plaintiff is barred by the doctrine of laches. No affidavit was submitted in support of the answer and while this is a dangerous procedure by a defendant confronted with a motion by the plaintiff for summary judgment, in this case it has no disastrous effect.

Perhaps no one section of the statutes has been the subject of so much litigation as sec. 270.635 on summary judgments. In *McWhorter v. Employers Mut. Casualty Co.* (1965), 28 Wis. (2d) 275, 277, 137 N. W. (2d) 49, we stated:

"The rules governing summary judgments are well known and have been frequently stated and explained by this court. Under the rule of *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. (2d) 238, 105 N. W. (2d) 305, and *Dottai v. Altenbach* (1963), 19 Wis. (2d) 373, 120 N. W. (2d) 41, we first examined the moving papers and documents to determine whether the moving party has made a *prima facie* case for summary judgment under sec. 270.635 (2), Stats., and if he has, we then examine the opposing party's affidavits and other proof to determine whether facts are shown which the court deems sufficient to entitle the opposing party to a trial. If the material facts are not in dispute and if the inferences which may reasonably be drawn from the facts are not doubtful and lead only to one conclusion, then only a matter of law is presented which should be decided upon the motion. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. (2d) 545, 105 N. W. (2d) 807; *Bond v. Harrel* (1961), 13 Wis. (2d) 369, 108 N. W. (2d) 552."

To entitle one to summary judgment, sec. 270.635, Stats., provides the motion must be supported by an affidavit of a person who has knowledge of the facts. Such affidavit must set forth sufficient evidentiary facts including documents or copies thereof as shall, if the motion is made by the plaintiff, establish his cause of action and entitle him to judgment. Likewise, if the motion is made by the defendant, such evidentiary facts must show the defense is sufficient to defeat the plaintiff.

Because of this requirement we have held that affidavits made by persons who do not have personal knowledge are insufficient and will be disregarded, and that affidavits made on information and belief are insufficient as they do not reach the stature of establishing evidentiary facts, and affidavits containing ultimate facts are ineffectual.[1] We have pointed out the requirement of

---

[1] *Townsend v. Milwaukee Ins. Co.* (1962), 15 Wis. (2d) 464, 113 N. W. (2d) 126; *McNally v. Goodenough* (1958), 5 Wis. (2d) 293, 92 N. W. (2d) 890; *McChain v. Fond du Lac* (1959), 7 Wis. (2d) 286, 96 N. W. (2d) 607; *Kubiak v. General Accident Fire & Light*

the statute that evidentiary facts be stated in an affidavit calls for such evidence by the affiant as would be admissible on the trial. Unless the motion is supported by such facts in the affidavit or by documents, the plaintiff's cause of action is not sufficiently established to entitle him to summary judgment.

We have expressed this idea by stating we look first to the affidavits in support of the motion to see if a *prima facie* case has been made within the meaning of sec. 270.635, Stats., and if such a case has not been made we need go no farther. *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. (2d) 238, 105 N. W. (2d) 305. In the event the affidavit in support of the motion does make out a *prima facie* case for summary judgment, we then examine the affidavits in opposition to the motion. To defeat the motion, the statute requires the opposing party by affidavit or other proof to show facts which the court shall deem sufficient to entitle him to a trial. Such proof may be less than is sufficient to prove his case, but it must be substantial and raise questions of fact. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9. This showing of a defense must be by affidavit or other proof and a defendant cannot stand on a verified answer to perform that function. Pleadings are ineffectual as proof because facts stated in an affidavit take precedence over inconsistent allegations in a pleading. *Weber v. Hurley* (1961), 13 Wis. (2d) 560, 109 N. W. (2d) 65; *Home Savings Bank v. Bentley* (1958), 5 Wis. (2d) 19, 92 N. W. (2d) 377, 67 A. L. R. (2d) 1450. Similarly, evidentiary facts stated in the affidavits are to be taken as true if not contradicted by other opposing affidavits or proof. *Bextel v. Franks* (1948), 252 Wis. 567, 32 N. W. (2d) 230; *Will v. Jessen* (1956), 273 Wis. 495, 78 N. W. (2d) 905; *Hein v. State Farm Mut.*

*Assurance Corp.* (1962), 15 Wis. (2d) 344, 113 N. W. (2d) 46; *Wojciuk v. United States Rubber Co.* (1961), 13 Wis. (2d) 173, 108 N. W. (2d) 149.

*Automobile Ins. Co.* (1966), 29 Wis. (2d) 702, 139 N. W. (2d) 611.

In this case we do not reach the lack of opposing affidavits because in our view the affidavit in support of summary judgment does not set forth sufficient evidentiary facts to make a *prima facie* case and to entitle the plaintiff to judgment. The supporting affidavit alleges ultimate facts on the issue of adverse possession, namely, that the parties "did not construct any fence between said premises by them respectively owned but, without particular regard to any particular boundary line used the rear vacant portions thereof for their mutual advantage, including the construction and improvement of the same by a sunken garden mainly located upon lot 7 but extending partially into lot 8." From this statement we do not know who constructed the garden or when or what evidentiary facts underlie the ultimate fact that the use of the property in question was for their mutual advantage. The statement that the defendants' possession was permissive is not an evidentiary fact but an ultimate fact to be proven. Affidavits dealing with factual matters must be clear and conclusive to be a basis for granting summary judgment, otherwise the motion would result in a trial of facts on affidavits, which is not the purpose of summary-judgment procedure. *Dottai v. Altenbach* (1963), 19 Wis. (2d) 373, 120 N. W. (2d) 41.

It may very well be that what the plaintiff claims may be proven on a trial by the testimony of the plaintiff and others, but the substance of the affidavit is insufficient to prove such facts. While we do not say that a case involving adverse possession can never be the subject of summary judgment, it is at most difficult to find one which presents only a question of law on undisputed facts. See *Milwaukee County v. Milwaukee Yacht Club* (1950), 256 Wis. 475, 41 N. W. (2d) 372.

*By the Court.*—Order affirmed.

50. 44.5" 57"

40'  40'  40'  40'

SOLD BY MRS LESZCZYNSKI
TO
RONALD LESZCZYNSKI & DOLORES M. Rungil
April 7-1964
NEW HOME BEING CONSTRUCTED ON THIS LOT

Lot 9

Lot 8

sparkling type copper Sprinkler

SUNKEN GARDEN

LOT 7

LOT 6

GARAGE

LESZCZYNSKI RESIDENCE #2743 So. 43rd St.

SURGES RESIDENCE 2731 So. 43ᵈ ST

LOT 22

LOT 23

LOT 24

LOT 25

SO 43rd ST