MANITOWOC PORTLAND CEMENT COMPANY, Respondent, v. SCHUETTE and others, d/b/a SCHUETTE BUILDERS COMPANY, and another, Appellants.

*No. 294. Argued June 4, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 699.)

For the appellants there was a brief by *Murphy & Brady* of Manitowoc, for Schuette Builders Company, and by *Everson, Whitney, O'Melia, Everson & Brehm* of Green Bay, for United Pacific Insurance Company, and oral argument by *Frank A. Murphy* and *James L. Everson.*

For the respondent there was a brief by *Kaumheimer, Reinhart, Boerner, Van Deuren & Norris,* attorneys, and *Allen N. Rieselbach* and *Donald J. Christl* of counsel, and oral argument by *Paul V. Lucke,* all of Milwaukee.

ROBERT W. HANSEN, J. If the facts are as stated in plaintiff's affidavits, plaintiff is entitled to judgment, the act of the partner binding the partnership. If the facts are exactly as stated in defendants' counteraffi-

davits, plaintiff could not establish an authorization to apply partnership funds to pay a corporate debt, the act not being in the usual course of business of the partnership and not binding on all partners. The issue thus arising as to material facts is not to be decided by comparing or considering the affidavits and counteraffidavits. The issues of fact presented, including the relationship between the partnership and corporation and the past dealings between the plaintiff, defendants and corporation, must be resolved before there can be an application of the statute [1] relied upon by plaintiff and the relevant case law.[2] The moving party in its affidavits has made out a prima facie case for summary judgment, but the opposing parties' counteraffidavits entitle them to trial on the fact issues raised.[3]

*By the Court.*—Judgment reversed.

---

[1] Sec. 123.06 (1) and (2), Stats., defining when act of a partner binds and when it does not bind the partnership.

[2] *Viles v. Bangs* (1874), 36 Wis. 131, 135; *Remington v. Eastern Ry. of Minn.* (1901), 109 Wis. 154, 163, 84 N. W. 898, 85 N. W. 321; *Debelak Bros., Inc. v. Mille* (1968), 38 Wis. 2d 373, 379, 157 N. W. 2d 644.

[3] *McWhorter v. Employers Mut. Casualty Co.* (1965), 28 Wis. 2d 275, 277, 278, 137 N. W. 2d 49. *See also Leszczynski v. Surges* (1966), 30 Wis. 2d 534, 539, 141 N. W. 2d 261.