Betty Novak, Jeffrey G. Novak, Mark R. Novak, and Joshua D. Kreutzer, Plaintiffs-Appellants,
v.
Plum Creek Timberlands, L.P., Michael J. Gross, Mary K. Gross, Marc E. Schmidt and Matthew J. Quest, Defendants-Respondents.
No. 03-0629.
Court of Appeals of Wisconsin.
Opinion Filed: June 24, 2004.
Before Deininger, P.J., Vergeront and Higginbotham, JJ.
¶1. PER CURIAM.
Betty Novak, Jeffrey Novak, Mark Novak, and Joshua Kreutzer appeal a judgment dismissing their complaint for a prescriptive easement over five parcels owned by the defendants. We affirm.
¶2. The trial court granted the defendants' motion for summary judgment. Summary judgment methodology is well established. See, e.g., Grams v. Boss, 97 Wis. 2d 332, 338-39, 294 N.W.2d 473 (1980). On review, we apply the same standard as the circuit court. Green Spring Farms v. Kersten, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).
¶3. The first issue is whether the complaint should be dismissed because the plaintiffs did not record their easement claim within the time provided in Wis. Stat. § 893.33(2) (2001-02).[1] That statute provides, in essence, that an action for a prescriptive easement cannot be commenced unless, within thirty years after the arising of that interest, some instrument or notice of the claim is recorded. However, the statute further provides that a notice or instrument recorded after thirty years "shall be likewise effective, except as to the rights of a purchaser of the real estate or any interest in the real estate which may have arisen after the expiration of the 30 years and prior to the recording." In addition, § 893.33(7) makes it plain that this defense may be asserted only by a purchaser, or a purchaser's successor, if the time for commencement of an action under this section had expired when the rights of the purchaser arose.
¶4. The complaint alleged that plaintiffs own a piece of property, and defendants own five parcels: Plum Creek Timberlands own two, and the remaining defendants, in various combinations, own the other three. Plaintiffs alleged that they and their predecessors in title have held title to the plaintiffs' property for at least ninety-four consecutive years, and that during that time the owners of their parcel have openly, notoriously, and continuously used a twenty-foot road right-of-way for pedestrian and vehicular access, which passes across the defendants' properties. They further alleged that this use has exceeded twenty years, that the plaintiffs have improved the right-of-way, and that defendants Gross, Schmidt, and Quest are now refusing to allow plaintiffs to use the roadway. The plaintiffs sought a judgment confirming a prescriptive easement.
¶5. We first address whether the defendants' argument, based on the thirty-year limitation of Wis. Stat. § 893.33(2), requires that the complaint be dismissed for failure to state a claim. It does not. The argument is that because the plaintiffs' alleged use[2] of the right-of-way began ninety-four years before the current claim, the twenty-year period to create the easement interest was satisfied seventy-four years ago, and thus the thirty-year period to record the plaintiffs' interest expired some forty-four years ago. Therefore, the defendants argue, the plaintiffs cannot maintain this action.
¶6. We reject the argument for two reasons. First, the complaint itself does not say whether or when the plaintiffs may have recorded a notice or instrument describing their claimed easement and, therefore, the complaint, by itself, does not provide enough information to determine whether Wis. Stat. § 893.33(2) bars this action. Second, even if the complaint were to admit there had been no recording, the complaint, by itself, would still not provide enough information to support the defendants' argument. As we have explained, § 893.33(2) provides a defense only to purchasers of an interest in the property "which may have arisen after the expiration of the 30 years and prior to the recording." Id. To determine whether any or all of the present defendants may assert the limitation, it is necessary to know the ownership history of their five parcels, information that is not provided in the complaint.
¶7. We thus turn to the affidavits submitted on summary judgment. We conclude that these affidavits also fail to establish a prima facie defense based on Wis. Stat. § 893.33(2). To establish this defense, defendants must present evidence showing that the plaintiffs' easement arose more than thirty years ago, that is, that prescriptive use began more than fifty years ago. The defendants, however, did not present such evidence. The defendants' first brief on summary judgment shows that they relied solely on the complaint to support this key fact. In addition, we note that the defendants presented admissions from the plaintiffs that the plaintiffs were unable to produce any admissible evidence of prescriptive use before 1959.
¶8. Despite the defendants' awareness that the plaintiffs could not prove adverse use of the road way before 1959, the defendants argued to the trial court, and argue here, that we should hold the plaintiffs to the allegation in the complaint of ninety-four years of adverse use. We should do that, according to defendants, because the plaintiffs did not amend their complaint to conform to the evidence that was developed in discovery and presented on summary judgment. The defendants provide no authority directly supporting their contention, and we reject it. We note that the defendants' answers denied that the plaintiffs had used the trail for ninety-four years. By denying the complaint's allegation, the defendants created an issue of fact regarding the duration of adverse use, a matter that was thereafter subject to proof by either party seeking to rely on it. See, e.g., Lesczynski v. Surges, 30 Wis. 2d 534, 539, 141 N.W.2d 261 (1966) (explaining that parties must advance or oppose a motion for summary judgment by "affidavit or other proof," not by reference to pleadings).[3]
¶9. Because we find the statute of limitations defense unavailing, we next consider whether summary judgment was nonetheless properly granted to the defendants because the plaintiffs failed to establish in the summary judgment record their entitlement to an easement by prescription.[4] The defendants assert that the plaintiffs failed to establish or place in dispute facts that would overcome the presumption that "mere use of a way over unenclosed land is presumed to be permissive and not adverse." Wis. Stat. § 893.28(3). The plaintiffs offer three rationales for why we must conclude that they submitted sufficient evidentiary materials to overcome the presumption for purposes of surviving summary judgment. None of the plaintiffs' contentions persuade us that they did so.
¶10. First, the plaintiffs argue that summary judgment was improper because a factual dispute existed regarding whether one parcel became enclosed when a previous owner, Thomas Rynders, installed a gate across the road. We conclude that any factual dispute on this point is ultimately not material. Even if the installation of the gate triggered the beginning of plaintiffs' passage through "enclosed" land, it is clear from the record that plaintiffs' passage through the gate was with Rynders' knowledge and consent. Rynders averred that he maintained the gate the entire time he owned the property, which began in 1983. Rynders averred that he gave the plaintiffs keys to the locks that existed on the gate at various times. The plaintiffs concede that this was true, but they portray the gate as a joint project because they sometimes replaced destroyed locks and gave Rynders a key. However, assuming this to be true, the fact confirms rather than refutes that the use was with Rynders' knowledge and consent. The Novaks do not claim, for example, that they unilaterally installed the gate, or that they broke through or bypassed the gate installed by Rynders.
¶11. The plaintiffs next argue that their use cannot be presumed permissive because some of the defendants' parcels contain planted trees for timber. The parties agree that, under pertinent case law, a part of the test for the presumption is whether the land is "wild and unimproved." See Carlson v. Craig, 264 Wis. 632, 638-39, 60 N.W.2d 395 (1953). Using that test, the plaintiffs argue that some of the parcels are not wild and unimproved because they contain planted trees for timber and are therefore agricultural in nature. Whatever the legal merits of that argument might be, it fails on the facts. To prevail, the plaintiffs would have to show that the parcels contained planted trees during their twenty years of allegedly adverse use. The record contains some evidence that there are planted trees there now, but no evidence of when they were planted.
¶12. Finally, the plaintiffs attempt to overcome the presumption by asserting that they did not "merely use" the way. Specifically, they argue that they demonstrated adversity by using the trail during deer season despite Rynders' averment that he didn't allow them to do that. However, assuming the plaintiffs' version to be true, their use at other times remained permissive, and they offer no legal authority showing that permissive use, if sometimes exercised inconsistently with the owner's instructions, becomes adverse. They also argue that they showed adversity by installing culverts under the road, and doing other road maintenance, without getting express permission; and by sometimes replacing the broken gate lock and sending Rynders a key. We regard these arguments as similar to the one we have rejected on the question whether the plaintiffs' passage through Rynders' locked gate rendered their use permissive. Assuming that the plaintiffs did perform maintenance and replaced Rynders' lock for him, the only reasonable inference continues to be that these acts were done with Rynders' knowledge and permission.
¶13 In short, while it may be true that the plaintiffs did more than "merely use" the way, the summary judgment record shows that, whatever more they did, they did with Rynders' knowledge and tacit consent. Therefore, the trial court did not err in granting summary judgment to the defendants.
By the Court.Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] For convenience, we refer to "the plaintiffs' use" of the road way, by which we mean to include their own use and that of their predecessors.
[3] The respondents suggest that not holding the plaintiffs to their allegation of ninety-four years' use of the path is "tantamount to amending the complaint by judicial fiat." We disagree. The case was dismissed on summary judgment, not on a motion to dismiss for failure to state a claim or for judgment on the pleadings. Although the first step in summary judgment methodology is to examine the pleadings, the pleadings, as we have noted, place in dispute the fact of when adverse use of the route in question began, and the summary judgment submissions do not establish that date as being any earlier than 1959.
[4] Even though summary judgment methodology places the burden on the moving party to establish entitlement to judgment as a matter of law, plaintiffs bear a burden on summary judgment with respect to elements they must prove at trial. That burden is to establish, at a minimum, that a factual dispute exists as to the existence of those elements. University of Wisconsin Med. Found. v. City of Madison, 2003 WI App 204, ¶19, 267 Wis. 2d 504, 671 N.W.2d 292, review denied, 2004 WI 20, 269 Wis. 2d 198, 675 N.W.2d 804 (Wis. Jan. 23, 2004) (No. 02-1473).