DUGAN, J.
¶1 Patricia R. Stewart-Martin appeals the judgment in favor of HSBC Bank USA, National Association as Trustee for Structured Asset Securities Corporation, Management Pass-Through Certificate, Series 2004-SCI (HSBC).[1] The trial court granted HSBC's motion for summary judgment on its foreclosure claims and it converted HSBC's motion to dismiss Stewart-Martin's counterclaims to a motion for summary judgment and dismissed her counterclaims.
¶2 Stewart-Martin argues that the trial court erred because it concluded that HSBC had established a prima facie case for foreclosure and because, without notice, it converted HSBC's motion to dismiss her counterclaims to a motion for summary judgment. We conclude that the trial court erred in granting summary judgment on the foreclosure claims because HSBC did not establish a prima facie case that it possesses the note. Therefore, we reverse the trial court's judgment of foreclosure and dismissal of Stewart-Martin's counterclaims and remand for further proceedings.
BACKGROUND
The complaint
¶3 On August 31, 2017, HSBC filed this action seeking a judgment of foreclosure and a sheriff's sale of Stewart-Martin's mortgaged residential rental property in Milwaukee. HSBC also sought the entry of a deficiency judgment if the proceeds from the sale of the property were insufficient to pay the balance due on the note. HSBC alleged that in late July 1998 Stewart-Martin had entered into a note and mortgage with Ameriquest Mortgage Company. It also alleged that it obtained the mortgage by assignment, that it was the holder of the note and mortgage, and that Stewart-Martin had defaulted on her payments under the note and mortgage.
The answer, affirmative defenses, and counterclaims
¶4 Stewart-Martin, an attorney representing herself in this action and on appeal, answered the complaint and asserted nineteen affirmative defenses and nineteen counterclaims. The counterclaims included, in part, lack of standing on the ground that HSBC was not the holder of the note, an issue regarding payment of property taxes, breach of the terms of the note and mortgage, breach of the duty of good faith and fair dealing, accord and satisfaction, and equitable estoppel. The counterclaims allege that the mortgage loan servicer for the mortgage account, Nationstar Mortgage d/b/a Mr. Cooper (Nationstar), without notice, "secretly paid" the full balance of the 2016 property taxes that Stewart-Martin had been paying in installments. The counterclaims further allege that thereafter, Nationstar imposed a tax escrow account on Stewart-Martin, which significantly increased the monthly payments. Nationstar then refused to remove the escrow requirement.
The motion for summary judgment and motion to dismiss
¶5 On February 16, 2018, HSBC filed a motion for summary judgment of foreclosure and a motion to dismiss Stewart-Martin's counterclaims for failure to state a claim, a supporting brief, and two affidavits[2] with attached exhibits. The exhibits included requests to admit that HSBC had served on Stewart-Martin on or about December 8, 2017. In seeking summary judgment, HSBC argued that Stewart-Martin's responses to the requests to admit served upon HSBC on January 26, 2018, were untimely and that, therefore, Stewart-Martin should be deemed to have admitted the matters on which an admission had been requested.
Motions to accept affidavit and to withdraw admissions
¶6 On March 30, 2018, Stewart-Martin filed a motion seeking an order accepting as timely her affidavit and attached exhibits opposing HSBC's motion for summary judgment. She argued that she had filed her affidavit on March 12, 2018, the last day to timely file an affidavit opposing summary judgment, but the e-filing system rejected the affidavit on March 13, 2018.
¶7 On March 30, 2018, Stewart-Martin also filed a motion seeking an order allowing her to withdraw her admissions. She stated that her failure to answer the requests to admit by the statutory deadline was "totally inadvertent" and that she was "severely" prejudiced by the matters deemed admitted. Stewart-Martin also stated that her responses to the requests to admit were mailed on January 24, 2018, pursuant to an agreement that she had with HSBC's attorney.
The hearing on the parties' motions
¶8 At an April 3, 2018 hearing on the parties' motions, the trial court began by addressing Stewart-Martin's motion seeking an order accepting as timely her affidavit in opposition to HSBC's motion for summary judgment. Stewart-Martin explained the e-filing rejection of the affidavit and then asked if the trial court would accept the affidavit at the hearing. The trial court then went through an analysis and explanation of Stewart-Martin's failure to comply with the statutes for e-filing and correcting errors in e-filing, and admonished her for waiting until the hearing date to seek any relief. It commented on the fact that Stewart-Martin is an attorney licensed in Wisconsin and should have been able to follow the statutes. The trial court then stated it would not be able to provide Stewart-Martin with any relief.
¶9 Next, the trial court addressed HSBC's summary judgment motion on the foreclosure claim. It stated that HSBC had made a prima facie case and that there were no issues of disputed material fact. The trial court stated that it reviewed the briefs and affidavits and all of the exhibits, which were all admissible under the rules of evidence. The trial court found that Nationstar ultimately became the servicer of the mortgage loan account in 2012 and, as servicer of the loan, it had possession of the note that was the subject of this action. It found that Stewart-Martin defaulted under the terms of the note and mortgage by failing to make payments that included the tax escrow account. The trial court specifically found that the mortgage allowed HSBC to establish the escrow account. It also found that by letters in November 2016 and December 2016, Stewart-Martin was notified of the escrow advances and that they were additional debts that she owed. Further, it stated, "I do specifically find that [HSBC] does have standing to pursue this foreclosure action. As the holder of the original note and under the doctrine of equitable assignment, [HSBC] does have standing to proceed."
¶10 With respect to HSBC's requests to admit and Stewart-Martin's response to those requests, the trial court concluded that ultimately, the requests to admit were not dispositive since HSBC was not relying on the answers or lack of answers as the sole support for its summary judgment motion. The trial court went on to state that it was not going to rule on Stewart-Martin's motion to withdraw the responses to the requests for admissions or to find them timely.
¶11 The trial court then addressed HSBC's motion to dismiss Stewart-Martin's counterclaims. It asked Stewart-Martin if she had filed anything in opposition to the motion to dismiss the counterclaims. Stewart-Martin responded, "You have my affidavit, Judge, in opposition to summary judgment."
¶12 Subsequently, the trial court stated,
I guess my one hesitation, [c]ounsel, is that I don't know that I can find that the counterclaim fails to state a claim upon which relief can be granted. I mean, I think there's enough in the counterclaim that it would survive at the pleading stage. I don't know that it can survive summary judgment given the evidence before the [c]ourt.
HSBC's attorney responded, "Well, I think this is probably in the alternative, but to the extent that the [c]ourt granted summary judgment to [HSBC] on the foreclosure action, in large part that disposes of all of the issues with regard to the counterclaim[.]" The trial court responded, "Right." HSBC's attorney then went on to say, "it probably should have ... been properly framed as a motion for summary judgment on the counterclaim." The trial court went on to state, "I'm not going to grant a motion to dismiss the counterclaims, but I am going to grant their dismissal as part of the summary judgment because I don't think there's any disputed issue of material fact."
¶13 Stewart-Martin then stated that to the extent that there was a breach of any terms of the note or mortgage the counterclaims could operate to preclude the foreclosure judgment. The trial court responded that it thought that all the evidence was to the contrary. Stewart-Martin then raised the issue of the accounting of her payments stating that, for example, about eight years were missing-the accounting did not begin in 1998 and continue to the present. She stated that she could challenge the accounting if given the opportunity to do so by way of a trial. She also raised the issue that HSBC was not responding properly to her discovery requests to be able to find out the complete history of the accounting. She stated that she only received responses shortly before the hearing and that all the responses were evasive. Stewart-Martin also pointed out a problem with multiple late payments assessed against a single payment. She then asked for more time to complete discovery.
¶14 The trial court denied the request and then went on to explain, "in granting summary judgment to [HSBC], I also effectively deny the counterclaim for breach of contract, and breach of the duty of good faith and fair dealing and all other counterclaims." The trial court then stated, "I am going to accept for filing [Stewart-Martin's] affidavit with the exhibits so that the record is clear. I don't think having looked at it in a cursory fashion it makes any difference."
Subsequent filings
¶15 On April 5, 2018, HSBC filed a proposed written order regarding the trial court's rulings at the hearing. Stewart-Martin filed objections to the trial court's grant of summary judgment as follows:
[Stewart-Martin] ... objects to the grant of summary judgment on the grounds that [HSBC] failed to make a prima facie case for summary judgment as required by [ WIS. STAT. ] § 802.08 [2017-18];[3 ] the grant of summary judgment on [Stewart-Martin's] counterclaims was without notice required by [ WIS. STAT. ] § 802.08(2) ; and, [Stewart-Martin] was surprised and denied her constitutional rights to due process and fundamental fairness by the court's conversion of the motion to dismiss counterclaims to one for summary judgment without notice.
¶16 On April 19, 2018, the trial court entered an order for judgment and judgment of foreclosure. On May 2, 2018, a judgment of foreclosure in the amount of $48,102.31 was entered.
¶17 On May 14, 2018, Stewart-Martin filed a motion requesting that the trial court review and vacate the judgment of foreclosure and the order granting summary judgment. On May 14, 2018, Stewart-Martin also filed a proposed order for a hearing and a stay of the enforcement of the judgment of foreclosure and order. The trial court declined to enter the order. This appeal followed.
DISCUSSION
¶18 Stewart-Martin argues that the trial court erred in concluding that HSBC had established a prima facie case for foreclosure.[4]
I. Standards of review
¶19 We review a grant of summary judgment de novo , using the same methodology as the trial court. See Hardy v. Hoefferle , 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). Affidavits in support of and in opposition to a motion for summary judgment "shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence." Sec. 802.08(3). Affidavits "made by persons who do not have personal knowledge" are insufficient to support summary judgment "and will be disregarded." Leszczynski v. Surges , 30 Wis. 2d 534, 538, 141 N.W.2d 261 (1966). An affidavit proffering records of regularly conducted activity must show that the witness is "qualified" to testify. See WIS. STAT. § 908.03(6) ; Palisades Collection LLC v. Kalal , 2010 WI App 38, ¶15, 324 Wis. 2d 180, 781 N.W.2d 503. To be qualified, "the witness must have personal knowledge of how the records were made[.]" Palisades , 324 Wis. 2d 180, ¶22.
¶20 Furthermore, "[w]e owe no deference to the trial court's determination, and we will reverse a summary judgment if the trial court incorrectly decided a legal issue or if material facts were in dispute[.]" See BMO Harris Bank, N.A. v. European Motor Works , 2016 WI App 91, ¶14, 372 Wis. 2d 656, 889 N.W.2d 165 (internal citations omitted). "We examine the moving party's submissions to determine whether they constitute a prima facie case for summary judgment. If they do, then we examine the opposing party's submissions to determine whether there are material facts in dispute that entitle the opposing party to a trial." See Palisades , 324 Wis. 2d 180, ¶9 (internal citation omitted). The moving party "need only make a prima facie showing that the evidence would be admissible at trial. If admissibility is challenged, the [trial] court must then determine whether the evidence would be admissible at trial." Id. , ¶10 (citation omitted).
II. The trial court improperly granted HSBC summary judgment of foreclosure
¶21 Stewart-Martin argues that the trial court erred in finding that HSBC had established a prima facie case for summary judgment on its foreclosure claim. She states that HSBC did not present the original note and is not the note holder.[5] We agree.
¶22 In evaluating whether HSBC had made a prima facie case, the trial court made specific findings that HSBC had standing as "the holder of the original note and under the doctrine of equitable assignment." However, it also held that Nationstar "now has possession of the note that is the subject of this action." These findings are inconsistent and conflicting. As we explain, neither finding is supported by HSBC's summary judgment filings.
¶23 In Bank of New York Mellon v. Klomsten , 2018 WI App 25, ¶22, 381 Wis. 2d 218, 911 N.W.2d 364, this court stated, "[t]o foreclose on a mortgage that secures an instrument, a party must show that it is entitled to enforce the instrument by proving that it is the 'holder' of the instrument or 'a nonholder in possession of the instrument who has the rights of a holder' " (citation omitted). Generally, a holder is in possession of the instrument. See id. This court further stated, "A note endorsed in blank is payable to the bearer and is negotiated by transfer of possession alone." See id.[6] "Thus ... where the note is endorsed in blank, [a party] is entitled to a judgment of foreclosure on the mortgage, that secures the note, if it shows that it is entitled to enforce the note as the holder in possession of the note. " See id. (emphasis added).
¶24 HSBC asserts that the note was endorsed in blank. Where the note is endorsed in blank, the financial institution must establish that it is the current holder of the note. See id. , ¶35. In Klomsten , the servicer expressly averred that the servicer, not the bank, possessed the note. See id. , ¶33. The bank argued that this court had ruled that a servicer of a loan may, with proper foundation, testify that a bank possesses the original note. See id. , ¶35. However, the Klomsten court stated that "the [b]ank point[ed] to no legal authority stating that a bank may enforce a note endorsed in blank that is in the possession of another, including the entity that services the loan for the bank." See id. The court held, "A note endorsed in blank is payable to the bearer and is negotiated by transfer of possession alone. Under this principle, because the Klomsten's note is endorsed in blank, the Bank is entitled to enforce the note only if it possesses the note." See id. (internal citations omitted).
¶25 As stated, HSBC asserts that the mortgage was assigned to it and the note was endorsed in blank. However, HSBC's summary judgment filings fail to establish that HSBC possesses the note. In fact, they fail to establish who or what entity possesses the note. The Chester affidavit in support of summary judgment avers, "Nationstar, directly or through an agent , has possession of the promissory note"[7] (emphasis added). Significantly, the affidavit uses the disjunctive, meaning that either Nationstar or an agent of Nationstar possesses the note. See Bank of N.Y. Mellon v. Bronson , No. 2017AP2301, unpublished slip op. ¶29 (WI App Aug. 2, 2018).[8] The affidavit does not establish whether Nationstar or an agent possesses the note, and if an agent, it fails to identify the agent. See id. Therefore, based on the averment that Nationstar or its agent is the possessor of the note, HSBC has not established that it is the holder of the note and, therefore, HSBC has not established that it has standing to bring this action against Stewart-Martin. See Klomsten, 381 Wis. 2d 218, ¶35.
CONCLUSION
¶26 For the foregoing reasons, we reverse the summary judgment and remand for further proceedings.
By the Court. -Judgment reversed and cause remanded for further proceedings.
Not recommended for publication in the official reports.

We refer to the appellant as Stewart-Martin, although her surname appears in various other forms throughout the filings.

One affidavit filed by HSBC in support of its summary judgment motion was made by HSBC's attorney. The other affidavit that HSBC filed was made by Karleton Chester, a document execution associate employed by its loan servicer, Nationstar. HSBC's brief in support of its motion for summary judgment relied almost exclusively on the Chester affidavit. The affidavit of HSBC's attorney was cited only with respect to HSBC's short argument about Stewart-Martin's failure to timely respond to its request to admit.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

As an appellate court we decide cases on the narrowest possible grounds. See State v. Blalock , 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989). Therefore, we do not address Stewart-Martin's argument that the trial court erred by not giving her notice that it was converting HSBC's motion to dismiss her counterclaims to a motion for summary judgment and then dismissing the counterclaims on summary judgment.

As an appellate court we decide cases on the narrowest possible grounds. See Blalock , 150 Wis. 2d at 703. Therefore, we do not address Stewart-Martin's argument that HSBC did not establish nonpayment of the note or the balance due on the note.

The instrument in Bank of New York Mellon v. Klomsten , 2018 WI App 25, ¶22, 381 Wis. 2d 218, 911 N.W.2d 364, was a note.

HSBC makes a misleading statement in its appellate brief, stating that the servicer averred that "Nationstar was in possession of the promissory note." However, as noted, the actual language is "directly or through an agent."
HSBC also cites Deutsche Bank National Trust Co. v. Wuensch , 2018 WI 35, ¶30, 380 Wis. 2d 727, 911 N.W.2d 1, which holds that no extrinsic evidence is needed to admit an original wet-ink endorsed note into evidence or to explain the circumstances of its possession. Wuensch is not relevant to the issue before us, namely, who is the holder of the note.

We do not cite Bank of New York Mellon v. Bronson , No. 2017AP2301, unpublished slip op. ¶29 (WI App Aug. 2, 2018) as authority but are persuaded by its reasoning. See Wis. Stat. Rule 809.23(3) (allowing the citation of unpublished opinions issued on or after July 1, 2009 for persuasive value).