TOWN OF FIFIELD, a municipal and political corporation of Price County, Wisconsin, Plaintiff-Respondent-Petitioner,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurance corporation, Elmer V. Halverson and Gary V. Halverson, Defendants-Appellants.

Supreme Court

*No. 82–1444. Filed August 29, 1984.*

(Also reported in 353 N.W.2d 788.)

PER CURIAM (on motion for reconsideration). The motion for reconsideration calls attention to footnote 3 and recites that the "defendants-appellants have never had appellate review on the issue of the sufficiency of proof of the consequential damages awarded to the Town of Fifield." The defendants are correct in that assertion; and, accordingly, we have examined the trial transcript, the instructions, and the verdict. We conclude that the evidence adduced at trial and believed by the jury is sufficient to sustain the jury verdict of $13,000 for consequential damages. That portion of the verdict and the admissibility of its supporting evidence were also approved by the trial judge.

In respect to consequential damages, the court of appeals stated:

"The town is entitled to recover its expenses for removing the debris and for providing a detour and a temporary bridge.[3] Section 86.14(2) provides that any person who subjects a bridge to a load in excess of posted limits 'shall be liable for double the amount of damages that may be caused thereby.' This language clearly authorizes the recovery of consequential damages. *See State ex rel. Department of Highways v. Ray. I. Jones Service Co.*, 475 P.2d 139, 144 (Okla. 1970). The cases cited by appellants, in which consequential damages were denied, applied statutes that limited recovery to the damages to the bridge or road itself. *See* cases collected at Annot., 53 A.L.R.3d 1035 (1973).

"[3] Because we are remanding for a new trial, we do not decide the question of whether the proof of consequential damages was sufficient." 114 Wis. 2d 518, 521, 339 N.W.2d 348 (Ct. App. 1983).

The court of appeals thus failed to consider the sufficiency of the evidence. Only the sufficiency of the evidence necessary to support the finding of $13,000 consequential damages is raised by the motion for reconsideration. Because the question of the sufficiency and admissibility of evidence was fully briefed by both parties in the court of appeals and because the full trial record is before us, we address that issue and conclude that there was sufficient evidence to support the jury's verdict.

Joseph Wagner, whose testimony we held to be competent in our original opinion, stated that the town's expenses for the removal of debris from the water, the installation of the Bailey Bridge, and the costs of the temporary detour totalled over $13,000. The town also elicited the opinion of Anthony Wilhelm, who testified to a reasonable degree of engineering certainty that, taking into consideration all the facts, the expenses incurred by the town in that respect in the sum of $13,652.01 were appropriate.

The testimony was produced in a quantum sufficient to support the verdict.

It is asserted, however, that the mode of proof was such that the assertions of Joseph Wagner were speculative. The defendants state, and that statement is unchallenged, that Wagner testified, not from his personal knowledge or from original invoices showing the consequential costs incurred, but from a summary compiled by the town clerk from the original invoices and cost records.

Timely objection was made to the use of the summary from which Joseph Wagner testified. The trial judge, however, admitted the testimony. In his opinion after verdict, he stated:

"And I think based upon the testimony and reading the demeanor of the witnesses that this was indeed what it cost, and the gist of their testimony was they could have done nothing else but that, and that under the emergency circumstances that then and there existed they did the best they could to keep the cost to a reasonable amount and they were giving an honest report of that expense to the Court, the reasonable and necessary charges required to remove the debris and build the temporary transportation across the water."

We conclude that such summaries of invoices received by the town clerk in the course of the clerk's usual function of receiving and recording charges made against the town could appropriately be used by Joseph Wagner to support his testimony. Sec. 908.03 (6), Stats.[1] *See,* also, comments to Rules of Evidence, 59 Wis. 2d R269–77. The summaries of information prepared by the clerk from in-

---

[1] "908.03  **Hearsay exceptions; availability of declarant immaterial.** The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

"(6) RECORDS OF REGULARLY CONDUCTED ACTIVITY. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, all in the course of a regularly conducted activity, as shown by the testimony of the custodian or other qualified witness, unless the sources of information or other circumstances indicate lack of trustworthiness."

voices received in the course of business of the town clerk's office were admissible as exceptions to the hearsay rule.

Moreover, it is apparent that the trial judge, as is evidenced by the quotation, *supra*, from his opinion, carefully exercised his discretion and concluded that the evidence rested upon a trustworthy basis and could be presented to the jury. *See Valiga v. National Food Co.*, 58 Wis. 2d 232, 249, 206 N.W.2d 377 (1973), for duty of a trial judge in the exercise of his discretion to receive summaries of evidence.

Accordingly, we conclude that the consequential damages found by the jury are supported by admissible evidence found by the trial judge to be trustworthy. The verdict of the trial court is supported by sufficient evidence and the judgment of the trial court in respect to consequential damages is affirmed. The motion for reconsideration is denied. Reconsideration by this court has only addressed the question of the sufficiency of the evidence to sustain consequential damages—a matter considered neither in the opinion of the court of appeals nor in the original opinion of this court. The mandate affixed to this court's original opinion is unchanged.