Palisades Collection LLC,
Plaintiff-Respondent,†

v.

Jackie C. Kalal and Ralph A. Kalal,
Defendants-Appellants.

Court of Appeals

*No. 2009AP482. Submitted on briefs November 16, 2009
—Decided February 4, 2010.*

2010 WI App 38

(Also reported in 781 N.W.2d 503.)

† Petition for Review denied w/o costs 5/13/10.

182

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Jackie C. Kalal* and *Ralph A. Kalal*, Middleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lisa M. Arent* and *Edward J. Heiser, Jr.*, of *Whyte Hirschboeck Dudek, S.C.*, Milwaukee, and *Robert Hornik* of *Rausch, Sturm, Israel, Enerson & Hornik, LLC*, Brookfield.

Before Dykman, P.J., Vergeront and Higginbotham, JJ.

¶ 1. VERGERONT, J. Jackie and Ralph Kalal appeal the circuit court's judgment that they owe Palisades Collection LLC $27,343.47, plus costs, for the balance due on Jackie Kalal's credit card account with Chase Manhattan Bank. The Kalals contend the circuit court erred in granting summary judgment in favor of Palisades because the affidavit Palisades filed in support of its motion does not show the requisite personal knowledge to establish the admissibility of the attached account statements under the hearsay exception for records of regularly conducted activity. Wis. Stat.

§ 908.03(6) (2007–08).[1] We agree. We conclude the affidavit does not establish a prima facie case for summary judgment because it does not show that the affiant is a witness qualified, based on personal knowledge, to testify to the elements required for admissibility of the account statements under that exception. Accordingly, we reverse the summary judgment and remand for further proceedings.

¶ 2. Our reversal on this ground makes it unnecessary to rule on the Kalals' contention that the affidavit also fails to establish a prima facie case that there was a valid assignment of the debt by Chase to Palisades.

## BACKGROUND

¶ 3. Palisades filed a complaint alleging that Jackie Kalal opened a credit card account with Chase and, despite demand, she had failed to make payments on the balance due of $27,343.47. The complaint alleged that Palisades was the current holder of the credit card account. The answer denied the allegations. Ralph Kalal, Jackie's husband, successfully moved to intervene as a co-defendant in the case.

¶ 4. In support of its motion for summary judgment, Palisades submitted the affidavit of Marie Oliphant, who averred she was "a duly authorized representative of [Palisades], the owner of this account through purchase." In addition, Oliphant averred that the attached documents were "a true and correct copy of the credit card statements that were mailed to Jackie C. Kalal on a monthly basis." Each of the attached five pages is entitled "Chase . . . Mastercard Account Sum-

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

mary," identifies Jackie Kalal as the cardholder, and states amounts due for the time periods identified. Oliphant averred that "there remains a balance outstanding as of February 26, 2007, in the amount of $27,343.47, plus costs and disbursements."

¶ 5. With respect to the attached account statements, Oliphant further averred:

> [I]n my capacity as authorized representative, I have control over and access to records regarding the account of the above referenced Defendant(s), further, the original owner maintained records pertaining to its business; that the records were prepared in the ordinary course of business, at or near the time of the transaction or event, by a person with knowledge of the event or transaction, that such records are kept in the ordinary course of the original creditor's business and that of the Plaintiff; and that based upon my review of the business records of the original creditor, I have personally inspected said account and statements regarding the balance due on said account.

¶ 6. The Kalals opposed the motion, although they did not submit any affidavits or other factual materials. They contended that, with respect to the amount owed, the affidavit did not meet the requirements that it be "made on personal knowledge" and set forth "evidentiary facts as would be admissible in evidence." Wis. Stat. § 802.08(3). Specifically, the Kalals asserted that the affidavit did not show that Oliphant had personal knowledge of the amount owed and the attached documents were inadmissible to show that amount because the affidavit did not establish the foundation requirements of Wis. Stat. § 908.03(6), the hearsay exception for records of regularly conducted activity. They also asserted that, with respect to Palisades' ownership of the accounts, the affidavit con-

185

tained only a legal conclusion and not evidence to support the conclusion that would be admissible at trial.

¶ 7. The circuit court rejected the Kalals' arguments. It concluded that Oliphant's affidavit was based on personal knowledge and the documents attached came within the hearsay exception.[2] The court also concluded that Oliphant's affidavit established a prima facie case for Palisades' claim and, because the Kalals had submitted no affidavit or other factual material to dispute her affidavit, they had not shown there was a factual dispute that entitled them to a trial.

## DISCUSSION

¶ 8. On appeal the Kalals renew their arguments that Oliphant's affidavit does not establish a prima facie case for Palisades because of the lack of a foundation to bring the attached account statements within the hearsay exception in WIS. STAT. § 908.03(6) and because the statement that Palisades owns the account is an inadmissible legal conclusion. Because we agree with the Kalals on the first issue, it is unnecessary to address the second.

¶ 9. We review de novo the grant of summary judgment, employing the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–16, 401 N.W.2d 816 (1987). A party is entitled to summary judgment when there are no genuine issues of material fact and that party is entitled

---

[2] The circuit court also concluded that the bank statements were self-authenticating documents, *see* WIS. STAT. § 909.02, but we do not address this aspect of the court's ruling because the Kalals do not challenge it on appeal.

to judgment as a matter of law. WIS. STAT. § 802.08(2). We examine the moving party's submissions to determine whether they constitute a prima facie case for summary judgment. *Gross v. Woodman's Food Market, Inc.*, 2002 WI App 295, ¶ 30, 259 Wis. 2d 181, 655 N.W.2d 718. If they do, then we examine the opposing party's submissions to determine whether there are material facts in dispute that entitle the opposing party to a trial. *Id.*

■

¶ 10. Affidavits in support of and in opposition to a motion for summary judgment "shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence." WIS. STAT. § 802.08(3). On summary judgment, the party submitting the affidavit need not submit sufficient evidence to conclusively demonstrate the admissibility of the evidence it relies on in the affidavit. *Gross*, 259 Wis. 2d 181, ¶ 31 (citing *Dean Med. Ctr. v. Frye*, 149 Wis. 2d 727, 734–35, 439 N.W.2d 633 (Ct. App. 1989)). That party need only make a prima facie showing that the evidence would be admissible at trial. *Id.* If admissibility is challenged, the court must then determine whether the evidence would be admissible at trial. *Id.*

¶ 11. In this case, the issue is whether Oliphant's affidavit makes a prima facie case that the attached account statements are admissible under the hearsay exception in WIS. STAT. § 908.03(6) for records of regularly conducted activity.[3] To come within this exception, the record must be:

---

[3] Palisades does not contend that the bank statements are not hearsay, implicitly conceding that they must therefore come within an exception to the hearsay rule in order to be admissible. Hearsay is "a statement, other than one made by the

[a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, all in the course of a regularly conducted activity, as shown by the testimony of the custodian or other qualified witness . . . .

§ 908.03(6).

¶ 12. The parties debate our standard of review on this particular issue, with the Kalals arguing that it is de novo and Palisades arguing that the circuit court's decision on this point was within its discretion. If a circuit court's decision is discretionary, we employ a more deferential standard of review, upholding the decision if the court examined the relevant facts, applied a proper legal standard, and reached a reasonable conclusion using a rational process. *Martindale v. Ripp*, 2001 WI 113, ¶ 28, 246 Wis. 2d 67, 629 N.W.2d 698.

¶ 13. Although it is well established that we employ the summary judgment methodology de novo, there may be a different standard of review for decisions on whether an affidavit meets the requirements that it is "made on personal knowledge and . . . set[s] forth such evidentiary facts as would be admissible in evidence." Wis. Stat. § 802.08(3). These decisions may involve evidentiary rulings that are committed to the circuit court's discretion. *Gross*, 259 Wis. 2d 181, ¶ 32. In other words, the circuit court, in deciding if an affidavit "is made on personal knowledge and sets forth

declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Wis. Stat. § 908.01(3).

such facts as would be admissible in evidence," is undertaking essentially the same analysis that it would undertake at trial to decide whether the affiant, now witness, testifying exactly as averred in the affidavit, is presenting admissible evidence. For example, in *Gross* we reviewed as discretionary the circuit court's decisions that an affidavit presented an adequate foundation that the affiant had the knowledge and experience to give an expert opinion on a particular topic, had personal knowledge on another topic, and adequately explained an attached chart so as to make the chart admissible in evidence. *Gross*, 259 Wis. 2d 181, ¶¶ 36–38. *See* Wis. Stat. §§ 907.02 and 906.02.[4] Palisades relies on *Gross* in arguing that we should defer to the circuit court's decision here as an exercise of discretion.

■■

¶ 14. However, not all evidentiary rulings are discretionary. For example, if an evidentiary issue requires construction or application of a statute to a set of facts, a question of law is presented and our review is de novo. *State v. Jensen*, 2007 WI App 256, ¶ 9, 306 Wis. 2d 572, 743 N.W.2d 468. The Kalals' position on our

---

[4] Wisconsin Stat. § 907.02 provides:

Testimony by experts. If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Wisconsin Stat. § 906.02 provides:

Lack of personal knowledge. A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness. This rule is subject to the provisions of s. 907.03 relating to opinion testimony by expert witnesses.

standard of review is that we need not defer to the circuit court because we are applying an evidentiary rule to the averments in the affidavit.[5]

¶ 15. We conclude it does not matter in this case whether we employ a de novo standard of review or the more deferential standard for review of discretionary decisions. Under no reasonable view of Oliphant's affidavit does it show that she is qualified to testify that (1) the records were made at or near the time by, or from information transmitted by, a person with knowledge; and (2) this was done in the course of a regularly conducted activity.

¶ 16. We addressed the term "or other qualified witness" as it applies to WIS. STAT. § 908.03(6) in *Berg-Zimmer & Associates, Inc. v. Central Manufacturing Corp.*, 148 Wis. 2d 341, 434 N.W.2d 834 (Ct. App. 1988). We concluded there that the witness, a manager for a company that had paid a supplier, was not a qualified witness with respect to invoices and supporting documentation prepared by the supplier. *Id.* at 348–50. His testimony showed he had reviewed the invoices and supporting documentation, separated out certain charges, and totaled those. *Id.* at 350. We concluded this testimony was:

> devoid of any evidence establishing [the witness's] qualifications to lay a proper foundation for the admis-

---

[5] The Kalals also argue that the circuit court did not exercise its discretion because it did not explain its reasoning. However, this in itself does not mean we cannot review a decision under the deferential standard for review of discretionary decisions. When a circuit court does not explain its reasoning, we may review the record to determine whether a court, applying the correct law to that record, could reasonably reach the same result. *See Randall v. Randall*, 2000 WI App 98, ¶ 7, 235 Wis. 2d 1, 612 N.W.2d 737.

sibility of [the supplier's] records. He did not possess knowledge to testify concerning the contemporaneousness of the entries, by whom they were transmitted or whether they were made in the course of a regularly conducted activity. *See* sec. 908.03(6), Stats. That he had possession of the records, understood their contents and recommended [his company's] payment, cannot bootstrap [him] into the position of a qualified witness under subs. (6).

*Berg-Zimmer*, 148 Wis. 2d at 350–51.

¶ 17. In *Berg-Zimmer* we contrasted that unqualified witness with the witness in *Town of Fifield v. State Farm Mutual Automobile Insurance Co.*, 120 Wis. 2d 227, 353 N.W.2d 788 (1984). In *Town of Fifield*, the town chairperson testified from a summary of invoices prepared by the town clerk "in the course of the clerk's usual function of receiving and recording charges made against the town." *Id.* at 229. In *Berg-Zimmer*, we pointed out that the town chairperson in *Town of Fifield* was qualified to testify that the record was made in the course of regularly conducted activity. *Berg-Zimmer*, 148 Wis. 2d at 351. In contrast, we said, there was no evidence that the witness in *Berg-Zimmer* "had personal knowledge about the [supplier's] documents. [He] was testifying about documents given to him by a third party." *Id.*

¶ 18. Another example of a witness qualified to testify for purposes of the Wis. Stat. § 908.03(6) exception is found in *City of Milwaukee v. Allied Smelting Corp.*, 117 Wis. 2d 377, 344 N.W.2d 523 (Ct. App. 1983), *overruled on other grounds by Just v. Land Reclamation, Ltd.*, 155 Wis. 2d 737, 456 N.W.2d 570 (1990). In *City of Milwaukee*, we held that sewer examination reports were admissible under § 908.03(6) where the supervisor of the crews who made the reports testified

that the crews made the reports of their visual inspection of sewers as part of their regular responsibilities for the regular business of the municipal bureau. *City of Milwaukee*, 117 Wis. 2d at 391–92.

¶ 19. Palisades attempts to distinguish *Berg-Zimmer* by asserting that it concerned "an evaluative or unique document containing the observations and evaluations of a particular author," whereas the account statements here are "quintessential business records." Presumably Palisades is referring to the fact that the witness in *Berg-Zimmer* segregated and totaled certain charges on the invoices after reviewing the supporting documentation. However, this fact was not the basis for our analysis in *Berg-Zimmer*. The basis for our analysis was that the witness was not qualified to testify on how the invoices and supporting documentation were prepared.[6]

¶ 20. Palisades contends that Oliphant's averment that she is now the custodian is sufficient to establish that the account statements meet the elements of the exception. Palisades correctly points out that Wis. Stat. § 908.03(6) does not require that the "custodian or other qualified witness" be the original owner of the records. However, under the plain language of this exception, being a present custodian of the records is not sufficient. The language is "as shown by the testimony of the custodian *or other qualified* wit-

---

[6] In support of its argument on "evaluative" documents, Palisades also cites to *State v. Williams*, 2002 WI 58, ¶ 49, 253 Wis. 2d 99, 644 N.W.2d 919, in which the court concluded that crime lab reports do not come within the Wis. Stat. § 908.03(6) exception, drawing on the well-established rule that documents prepared in anticipation of litigation are not admissible under this exception. This case has no bearing on the issue before us.

ness." The only reasonable reading of this language is that a testifying custodian must be *qualified* to testify that the records (1) were made at or near the time by, or from information transmitted by, a person with knowledge; and (2) that this was done in the course of a regularly conducted activity.

¶ 21. In order to be qualified to testify on these two points, Oliphant must have personal knowledge of how the account statements were prepared and that they were prepared in the ordinary course of Chase's business. *See Berg-Zimmer*, 148 Wis. 2d at 350–51 (witness unqualified because of absence of evidence that he had personal knowledge of how the documents were prepared). *See also* WIS. STAT. § 906.02 (prohibiting a witness from testifying on a matter unless there is sufficient evidence that the witness has personal knowledge of the matter).

¶ 22. It is true, as Palisades contends, that a custodian or other qualified witness does not need to be the author of the records or have personal knowledge of the events recorded in order to be qualified to testify to the requirements of WIS. STAT. § 908.03(6). However, the witness must have personal knowledge of how the records were made so that the witness is qualified to testify that they were made "at or near the time [of the event] by, or from information transmitted by, a person with knowledge" and "in the course of a regularly conducted activity." *See* WIS. STAT. § 908.03(6). *In re Denslow*, 104 B.R. 761 (E.D. Virginia, 1989), on which Palisades relies, does not dispense with the requirement that a qualified witness must have personal knowledge of how the records were prepared. Rather, it rejects the argument that the party advocating admissibility under the federal rule counterpart to

§ 908.03(6) is required to produce the person who made the record. *Id.* at 764–65.

**■■**

¶ 23. Turning to Oliphant's affidavit, we conclude it presents no facts that show she has personal knowledge of how the account statements were prepared and whether they were prepared in the ordinary course of Chase's business. The averment that she, as a representative of Palisades, now has control over the records of Jackie Kalal's accounts and has "personally inspected said account and statements regarding the balance due," does not reasonably imply that she has personal knowledge of how Chase prepared the account statements. The averment repeating the substance of Wis. Stat. § 908.03(6) does not suffice in the absence of an averment that she holds or has held a position from which one could reasonably infer that she has some basis for personal knowledge of how Chase prepared the accounts. Because the affidavit does not set forth facts that would make the account statements admissible in evidence, the averment in the affidavit on the balance due is not admissible. Nothing in the affidavit shows that Oliphant has personal knowledge of the amount owed if the account statements are inadmissible to prove the amount.

¶ 24. Palisades contends that the conclusory nature of Oliphant's averments is not a proper basis for objecting to their admissibility. Palisades relies on *Gross*, 259 Wis. 2d 181, ¶ 39, where we held that averments on injury to the affiant's business were statements of evidentiary fact based on personal knowledge and were admissible because they were "general statements of fact." However, the problem with Oliphant's averments regarding the account statements is not that they are *general* facts but that nothing in the

affidavit reasonably implies that Oliphant has personal knowledge of these general facts.

¶ 25. Palisades also asserts that the Kalals have failed to show that Oliphant does not have knowledge of the way Chase keeps its records. However, as the moving party, Palisades must make a prima facie showing that the affidavit sets forth facts that would make the account statements admissible in evidence. *Gross*, 259 Wis. 2d 181, ¶ 31. It has not done so.

## CONCLUSION

¶ 26. We conclude Oliphant's affidavit does not establish a prima facie case for summary judgment because it does not show that she is a witness qualified, based on personal knowledge, to testify to the elements required for admissibility of the account statements under Wis. Stat. § 908.03(6). Accordingly we reverse the summary judgment and remand for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.