John M. Bodish and Holly L. Bodish,
Plaintiffs,

v.

West Bend Mutual Insurance Company,
Defendant-Appellant,

Wisconsin County Mutual Insurance Company,
Defendant-Respondent.

Court of Appeals

*No. 2013AP1659. Submitted on briefs March 4, 2014.
—Decided June 10, 2014.*

2014 WI App 78

(Also reported in 851 N.W.2d 811.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jeffrey Leavell* of *Jeffrey Leavell, S.C.*, Racine.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Lori M. Lubinsky* and *Timothy M. Barber* of *Axley Brynelson, LLP*, Madison.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. BRENNAN, J.   This case asks us to decide whether Wis. Stat. § 632.32(6)(d) (2009–10)[1] requires Wisconsin County Mutual Insurance Corporation ("County Mutual") to "stack" the underinsured motorist coverage ("UIM") in the Public Entity Liability Insurance Policy ("the Policy") it issued to Milwaukee County, by multiplying the UIM limit in the liability policy by the number of vehicles in Milwaukee County's fleet. The parties agree that multiplying the UIM coverage in the Policy would leave County Mutual liable for up to $42 million in UIM coverage. Because the Policy did not include a separate premium attributable to each vehicle in Milwaukee County's fleet, we conclude that the UIM coverage in the Policy is not subject to stacking and affirm.

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

## BACKGROUND

¶ 2. John M. Bodish was employed as a Milwaukee County Deputy Sherriff and was injured in an automobile accident while driving a vehicle owned by Milwaukee County. The other driver in the accident was insured by Progressive Casualty Insurance Company ("Progressive"). Bodish had two personal vehicles insured by West Bend Mutual Insurance Company ("West Bend"). Bodish's policy with West Bend provided $500,000 in UIM benefits for each insured vehicle. County Mutual insured Milwaukee County under the Public Entity Liability Insurance Policy with UIM limits of $100,000 per person and $300,000 per occurrence.

¶ 3. Bodish sued Progressive, West Bend, and County Mutual. Progressive paid its $50,000 liability limit, but these funds were insufficient to compensate Bodish for his injuries. County Mutual paid Bodish its $100,000 UIM limit and was dismissed. West Bend settled with Bodish for an unspecified amount and took an assignment of rights against County Mutual. West Bend is seeking to recover the cost of its settlement with Bodish by claiming that Wis. Stat. § 632.32(6)(d) requires County Mutual to "stack" the UIM coverage in the Policy by multiplying the UIM limit by the number of vehicles in Milwaukee County's fleet. Doing so would put County Mutual on the hook for up to $42 million in coverage, rather than the $100,000 limit it already paid.

¶ 4. Before the circuit court, County Mutual moved for declaratory/summary judgment to confirm that the maximum extent of its liability was the $100,000 UIM limit stated on the declarations page of the Policy. The circuit court agreed, finding that County

Mutual's Policy was not subject to stacking and that County Mutual's total liability was the $100,000 per person UIM limit.

¶ 5.	The circuit court first determined that no employee of Milwaukee County could read the Policy and reasonably believe that it provided $42 million in UIM benefits:

> I have to say that I don't think Mr. Bodish, I don't think any employee of Milwaukee County when they're driving a County-owned vehicle has had any reasonable expectation that if they get hurt that they have forty-two million dollars worth of coverage that they can stack, separate coverage. And it's my determination that there isn't separate coverage for each Milwaukee County-own[ed] vehicle.
>
> But they can stack that nonexistent separate coverage for each vehicle that Milwaukee County owns to satisfy the damages that they have incurred when they are driving as an insured a Milwaukee County vehicle in the course of their employment and they're hurt. I just — I don't think any Milwaukee County employee objectively or subjectively could possibly have that expectation.

¶ 6.	Next, the circuit court ruled that regardless of the expectations of an insured, County Mutual's Policy did not allow stacking because there are no separate coverages to stack and because the County paid a single premium for the Policy:

> But that aside, it's my conclusion that Mr. Bodish and derivatively Mrs. Bodish, and that derivatively I'm using that in a somewhat limited fashion, are insured only as to the one vehicle and only as to the one policy with an enforceable UIM limit of liability of one hundred thousand, three hundred thousand.
>
> There is one policy. It is paid for with one premium

396

to provide coverage as to all vehicles owned by the County. They aren't setout separately. There is no suggestion in the policy that there's separate UIM coverage for each vehicle attending each vehicle at all times.

UIM coverage runs to the employee because they're insured. There aren't multiple coverages. There aren't multiple limits applicable to the Bodishes that are available to them to stack.

Since there are no multiple coverages to stack the antistacking prohibitions of [WIS. STAT.] § 632.32, that existed at that time can't apply[.]

¶ 7. The circuit court entered a written order declaring that County Mutual's total liability under the Policy was the $100,000 per person UIM limit. Upon receiving proof that County Mutual paid the Policy limit, the circuit court entered a final order dismissing County Mutual. West Bend appeals.

## DISCUSSION

■

¶ 8. West Bend argues that, subject to WIS. STAT. § 632.32(6)(d),[2] Bodish must be permitted to stack the Policy's $100,000 UIM limit by multiplying that limit by

---

[2] WISCONSIN STAT. § 632.32(6)(d) states:

No policy may provide that, regardless of the number of policies involved, vehicles involved, persons covered, claims made, vehicles or premiums shown on the policy, or premiums paid, the limits for any uninsured motorist coverage or underinsured motorist coverage under the policy may not be added to the limits for similar coverage applying to other motor vehicles to determine the limit of insurance coverage available for bodily injury or death suffered by a person in any one accident, except that a policy may limit the number of motor vehicles for which the limits for coverage may be added to 3 vehicles.

the number of vehicles owned by Milwaukee County. Because the Policy did not contain separate premiums attributable to each vehicle in Milwaukee County's fleet, we conclude that County Mutual fulfilled its obligations under the Policy when it paid Bodish the $100,000 UIM policy limit and did not violate § 632.32(6)(d)'s stacking requirements.

■■

¶ 9. The circuit court denied West Bend's argument on motion for summary judgment. We review a motion for summary judgment *de novo,* using the same methodology as the circuit court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 314–16, 401 N.W.2d 816 (1987). "A party is entitled to summary judgment when there are no genuine issues of material fact and that party is entitled to judgment as a matter of law." *Palisades Collection LLC v. Kalal,* 2010 WI App 38, ¶ 9, 324 Wis. 2d 180, 781 N.W.2d 503; Wis. Stat. § 802.08(2) (2011–12).

■■

¶ 10. The issue raised by West Bend requires us to interpret the Public Entity Liability Policy issued by County Mutual to Milwaukee County and Wis. Stat. § 632.32(6)(d). "Our goal in interpreting an insurance policy, like our goal in interpreting any contract, is to ascertain and carry out the parties' intentions. To that end, we interpret policy language according to its plain and ordinary meaning as understood by a reasonable person in the position of the insured." *Hirschhorn v. Auto–Owners Ins. Co.,* 2012 WI 20, ¶ 22, 338 Wis. 2d 761, 809 N.W.2d 529 (internal citations omitted). The interpretation of § 632.32(6)(d) presents an issue of law subject to *de novo* review. *Barry v. Employers Mut. Cas. Co.,* 2001 WI 100, ¶ 17, 245 Wis. 2d 560, 630 N.W.2d 517.

¶ 11.  WISCONSIN STAT. § 632.32(6)(d), which was in effect at the time of Bodish's accident, "require[d] insurers to allow stacking of underinsured motorist coverage limits, but it permit[ted] them to restrict stacking to the coverage limits for three vehicles."[3] *See Westra v. State Farm Mut. Auto. Ins. Co.*, 2013 WI App 93, ¶¶ 2, 12, 349 Wis. 2d 409, 835 N.W.2d 280. There are two types of stacking:  inter-policy stacking and intra-policy stacking. *Id.*, ¶ 14. "Inter-policy stacking refers to the stacking of coverage under separate insurance policies covering different vehicles, regardless of whether the policies were issued by the same insurer. Intra-policy [stacking] refers to the stacking of coverage under a single policy that covers multiple vehicles, *with a separate premium attributable to each vehicle.*" *Id.* (citations omitted; emphasis added).

¶ 12.  West Bend only asserts that intra-policy stacking is applicable in this case, but it has not shown that Milwaukee County paid "a separate premium attributable to each vehicle" in its fleet. *See id.* And the circuit court explicitly found that only one premium was paid under the Policy, stating:  "There is one policy. It is paid for with one premium to provide coverage as to all vehicles owned by the County. They aren't setout separately." The circuit court's finding is amply supported by uncontested evidence in the record.

¶ 13.  First, the declarations page of the Policy lists a single net premium that Milwaukee County is required to pay. Second, Karen Flynn, the Vice Presi-

---

[3] WISCONSIN STAT. § 632.32(6)(d), prohibiting anti-stacking provisions in automobile insurance policies, was in effect from November 2009 until November 2011. *Westra v. State Farm Mut. Ins. Co.*, 2013 WI App 93, ¶ 2, 349 Wis. 2d 409, 835 N.W.2d 280.

dent of Aegis Corporation, the company that acts as the general administrator for County Mutual, testified at her deposition that the number of vehicles owned, maintained, and/or operated by Milwaukee County has nothing to do with the calculation of its premium:

Q So was the vehicle inventory ever used in any sense in the decision to underwrite and price the policy that you sold to Milwaukee County?

A Not the liability policy, no.

Q Was there another policy that it was used in to —

A No.

Q So this vehicle inventory was not used at all by Milwaukee County or by Wisconsin Mutual in its underwriting and pricing of the county's liability policy, correct?

A That's correct.

(Emphasis omitted.) Third, Flynn also testified that Milwaukee County's premium for the Policy did not increase between 2008 and 2010 even though Milwaukee County added underinsured and uninsured motorist insurance to the Policy. Because Milwaukee County paid only one premium in this case, and not separate premiums for each vehicle in its fleet, WIS. STAT. § 632.32(6)(d) is inapplicable because there is no coverage to stack. *See Westra*, 349 Wis. 2d 409, ¶ 14 ("Intra-policy [stacking] refers to the stacking of coverage under a single policy that covers multiple vehicles, *with a separate premium attributable to each vehicle*.") (emphasis added).

¶ 14. West Bend disagrees and argues that: (1) intra-policy stacking is not dependent on separate premiums for each vehicle because the legislature

broadened the common law definition of stacking when it passed WIS. STAT. § 632.32(6)(d); and (2) even if intra-policy stacking is dependent on separate premiums, stacking is applicable here because the single premium paid by Milwaukee County to County Mutual was dependent upon the number of vehicles in Milwaukee County's fleet. Both arguments are without merit.

¶ 15. First, we disagree with West Bend's argument that the 2009 amendments to WIS. STAT. § 632.32(6)(d) changed the common law definition of stacking. *See* 2009 Wis. Act 28, § 3168. Contrary to West Bend's assertion, we recognized in *Westra* that the common law definition of intra-policy stacking— requiring "a separate premium attributable to each vehicle" in an insurance policy—was applicable to § 632.32(6)(d) as it existed between 2009 and 2011. *See Westra*, 349 Wis. 2d 409, ¶ 14. And West Bend cites to no case law in support of its argument that the legislature intended to change the common law definition of stacking.

¶ 16. Second, West Bend's argument that the Policy's premium was dependent upon the number of vehicles in Milwaukee County's fleet is belied by the record. West Bend argues that County Mutual calculated Milwaukee County's premium based on its actual operating expenditures, including the costs of service and maintenance for the vehicles, and therefore, that the underlying premium is the functional equivalent of a separate premium for each vehicle. West Bend's argument is undermined by Flynn's undisputed testimony, which establishes that this was not the case:

Q   And that number [the ratable operating expense] is supposed to be reflective of things like the number of vehicles they have out on the road?

A No. The number of vehicles specifically does not come into play.

Furthermore, Flynn testified that the Policy's premium did not increase between 2008 and 2010 when Milwaukee County added underinsured and uninsured motorist coverage to the Policy, also implying that the number of vehicles in Milwaukee County's fleet was not a factor in calculating the Policy's premium.

¶ 17. In sum, because we conclude that Milwaukee County paid one premium to County Mutual as set forth on the declaration's page of the Policy, we must also conclude that WIS. STAT. § 632.32(6)(d)'s stacking requirement is inapplicable and we affirm.[4]

*By the Court.*—Order affirmed.

---

[4] Because we conclude that Milwaukee County paid only one premium in this case, rendering WIS. STAT. § 632.32(6)(d) inapplicable, we need not address the other issues raised by West Bend regarding whether stacking was permitted in this case. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (we decide cases on the narrowest possible grounds). In short, there is no coverage in the Policy to stack.