**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 19, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2019AP1599**
**2019AP1600**
**2019AP1601**

Cir. Ct. Nos. 2017TP165
2017TP166
2017TP167

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO S.-L.E.M., S.M.M. AND D.G-H., PERSONS UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

A. L. M.,

RESPONDENT-APPELLANT.

APPEALS from orders of the circuit court for Milwaukee County: CHRISTOPHER R. FOLEY, Judge. *Affirmed*.

¶1     KESSLER, J.[1]     A.L.M. appeals the orders terminating his parental rights to three of his children, S.-L.E.M., S.M.M., and D.G-H.  A.L.M. contends that there was insufficient evidence for the circuit court to determine that termination was in the children's best interests and that the circuit court erroneously exercised its discretion in terminating his parental rights.  We affirm.

## BACKGROUND

¶2     On July 24, 2017, the State filed petitions to terminate A.L.M.'s parental rights to three of his children, S.-L.E.M., S.M.M., and D.G-H.[2]  The petition alleged two grounds:  (1) failure to assume parental responsibility, and (2) abandonment.  On July 16, 2018, A.L.M. pled no contest to the ground of failure to assume parental responsibility.  Following a fact-finding hearing, the circuit court made the necessary finding of unfitness.

¶3     The matter proceeded to disposition where two witnesses testified, Shalay Rogers, the case manager, and B.D., the foster parent for S.M.M.  Rogers testified about each of the children's behavioral issues, their relationships with A.L.M., their adoptability, and their relationships with each other, among other things.  As to S.-L.E.M., Rogers testified that she had been placed outside of her parental home since December 2015.  Since that time, S.-L.E.M. has been with a foster parent who is committed to adopting S.-L.E.M.  Rogers testified that A.L.M.'s contact with S.-L.E.M. is minimal, having only written her one

_____

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2]  The State sought to terminate A.L.M.'s parental rights to all seven of his children. Only S.-L.E.M., S.M.M., and D.G-H are at issue in this appeal.

individual letter, and six group letters addressed to multiple children, including S.-L.E.M. Rogers also stated that S.-L.E.M. has some behavioral issues, but is adoptable and that S.-L.E.M.'s foster parent is committed to meeting the child's individual needs.

¶4 As to S.M.M., Rogers testified that the child has been out of his parental home since December 2015. Since then, S.M.M. has been with a foster parent, B.D. Rogers stated that B.D. is committed to adopting S.M.M. Rogers also stated that A.L.M. has written S.M.M. "a couple" of letters, but that A.L.M. has not had direct contact with the child. Rogers stated that S.M.M. is adoptable and that B.D. is committed to meeting S.M.M.'s individual behavioral needs.

¶5 As to D.G-H., the youngest of the three, Rogers testified that the child has been out of his parental home since December 2015. Rogers stated that A.L.M. has not been in contact with D.G-H. in any capacity since that time. Rogers testified that D.G-H. has been in foster placement since his removal from his parental home, but that no adoptive resource had yet been established. Rogers stated that while D.G-H. has some behavioral issues, she did not believe that they constituted a hindrance to his adoptability.

¶6 Rogers also testified about the children's relationship with each other, stating that the children visit each other once a month for about an hour. She stated that the foster parents for S.-L.E.M. and S.M.M. have a good relationship and arrange for contact additional to the scheduled sibling visits. Rogers stated that the three children are strongly bonded. Rogers stated that the children were not bonded with A.L.M. and that A.L.M.'s efforts to maintain contact with the children were minimal at best. Rogers stated that A.L.M. did not reach out to any of the foster parents. Rogers opined that the children would not

be harmed by a severance of their relationships to A.L.M. Rogers also stated that since the children have been placed outside of their parental home, no family member from either their maternal or paternal sides have had any direct contact with the children. Rogers opined that the children would not be harmed by severance of their legal relationships with those family members. Rogers also stated that both S.-L.E.M. and S.M.M. expressed desires to remain in their foster homes. Rogers stated that D.G-H. had not articulated his wishes for long-term placement.

¶7 B.D., the foster parent for S.M.M. also testified, telling the circuit court that she is a committed adoptive resource for S.M.M. and that she is well-bonded with the child. B.D. stated that she plans to continue sibling contact between S.M.M. and the siblings to whom he is bonded. B.D. stated that she believes it is important for S.M.M. to maintain contact with his siblings.

¶8 In a thoughtful written decision, the circuit court determined that terminating A.L.M.'s parental rights was in the best interests of the children. The court noted that the children had been out of their parental home since 2015, were all adoptable, and that their "only beneficial biological ties are to their siblings." The court articulated its struggle with some aspects of its decision, noting that D.G-H. did not have a readily available adoptive resource, and that ending the children's relationships with each other and their older siblings was a "troubling aspect" of its decision. The court found A.L.M. to be a "non-factor" in the children's lives and found termination of his parental rights to be in the children's best interests. This appeal follows.

## DISCUSSION

¶9     On appeal, A.L.M. argues that there was insufficient evidence for the circuit court to determine that termination was in the children's best interests and that the circuit court erroneously exercised its discretion in terminating his parental rights. Both of A.L.M.'s arguments require us to consider whether the circuit court considered the appropriate statutory factors pursuant to WIS. STAT. § 48.426(3).

¶10     After a parent has been found unfit at the grounds phase, the court's decision to terminate a parent's rights turns on the best interests of the child. *See* WIS. STAT. §§ 48.01(1), 48.426(2). We review the circuit court's determination under the best interests of the child standard for an erroneous exercise of discretion. *See **State v. Margaret H.**,* 2000 WI 42, ¶¶27, 32, 234 Wis. 2d 606, 610 N.W.2d 475. "A proper exercise of discretion requires the circuit court to apply the correct standard of law to the facts at hand." *Id.*, ¶32.

¶11     When assessing whether termination is in a child's best interest, the circuit court must consider the six factors under WIS. STAT. § 48.426(3):

> (a)  The likelihood of the child's adoption after termination.
>
> (b)  The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> (c)  Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> (d)  The wishes of the child.
>
> (e)  The duration of the separation of the parent from the child.

(f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

¶12 A.L.M. contends that the circuit court did not give appropriate consideration to: the possibility of the children's relationships being severed; the wishes of the children; and the guarantee of the children's adoption. We disagree.

¶13 In a thoughtful, detailed decision, the circuit court considered the appropriate factors as they applied to the facts in this case. The court expressed concern about ending the children's relationships, but took measures to mitigate its concern by ordering continued contact pending the children's adoptions. The court weighed its concern against A.L.M.'s "destructive" influence on the children and determined that severing the sibling relationship was a necessary, but "troubling aspect of [its] decision."

¶14 The circuit court also considered the wishes of the children, but noted that it gave the children's preferences "little weight." The court clearly stated that it did not consider this factor as heavily as the other statutory factors because of the children's "age and trauma history." The court explained its reasons for considering other factors more heavily, ultimately concluding that "it [is] very clear that [termination] is the only path to safe, loving permanence for the children." Moreover, A.L.M. ignores evidence on the record that S.-L.E.M. and S.M.M. both expressed desires to remain in their foster homes.

¶15 Finally, the circuit court appropriately considered the adoptability of the children. WISCONSIN STAT. § 48.426(3) does not require the court to consider a guarantee of the children's adoption, but rather the *likelihood* of their adoption.

The court did just that. The court found "these three children are most likely to actually be adopted and avoid the prospect of becoming and remaining orphans for the rest of their lives." The record supports the court's finding. Rogers testified that the foster parents for S.-L.E.M. and S.M.M. are both committed adoptive resources. S.M.M.'s foster parent confirmed that she intends to adopt S.M.M. Rogers also testified that while D.G-H. did not have a guaranteed adoptive resource, she felt that D.G-H. was adoptable and she did not foresee any difficulty in finding D.G-H. a permanent home.

¶16　All of A.L.M.'s arguments fail to consider our standard of review—erroneous exercise of discretion—which gives deference to the circuit court's decision. *See **Palisades Collection LLC v. Kalal***, 2010 WI App 38, ¶12, 324 Wis. 2d 180, 781 N.W.2d 503. In essence, A.L.M. disagrees with how the court weighed the evidence and applied it to the statutory factors. This is insufficient to support either of A.L.M's arguments. We conclude that the circuit court applied the proper standard of law to the relevant facts, and that the record supports the circuit court's decision.

¶17　For the foregoing reasons, we affirm the circuit court.

*By the Court.*—Orders affirmed.

This opinion will not be published. WIS. STAT. RULE 809.23(1)(b)(4).