**2021 WI APP 23**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.: 2019AP2095

Complete Title of Case:

GREAT LAKES EXCAVATING, INC.,

PLAINTIFF-APPELLANT,

V.

DOLLAR TREE STORES, INC.,

DEFENDANT-RESPONDENT,

AMCON DESIGN AND CONSTRUCTION CO., LLC, RIVERWORKS
DEVELOPMENT CORPORATION AND JOHN H. BURKEMPER,

DEFENDANTS,

RIVERWORKS CITY CENTER, LLC,

INTERVENOR-RESPONDENT.

Opinion Filed: March 30, 2021
Submitted on Briefs: November 19, 2020
Oral Argument:

JUDGES: Graham, Dugan and Donald, JJ.
    Concurred:
    Dissented:

Appellant
ATTORNEYS:    On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John E. Machulak* of *Machulak, Robertson & Sodos, S.C.*, Milwaukee.

Respondent
ATTORNEYS:    On behalf of the intervenor-respondent, the cause was submitted on the brief of *Jessica Haskell* and *Paul W. Zimmer* of *O'Neil, Cannon, Hollman, DeJong & Laing S.C.*, Milwaukee.

COURT OF APPEALS
DECISION
DATED AND FILED

March 30, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2095**

Cir. Ct. No. 2019CV2945

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**

GREAT LAKES EXCAVATING, INC.,

　　PLAINTIFF-APPELLANT,

　V.

DOLLAR TREE STORES, INC.,

　　DEFENDANT-RESPONDENT,

AMCON DESIGN AND CONSTRUCTION CO., LLC, RIVERWORKS DEVELOPMENT CORPORATION AND JOHN H. BURKEMPER,

　　DEFENDANTS,

RIVERWORKS CITY CENTER, LLC,

　　INTERVENOR-RESPONDENT.

　　　　APPEAL from orders of the circuit court for Milwaukee County: WILLIAM S. POCAN, Judge. *Affirmed*.

Before Dugan, Graham and Donald, JJ.

¶1 DONALD, J. Great Lakes Excavating, Inc. (Great Lakes) appeals an order granting partial summary judgment to Riverworks City Center, LLC (Riverworks) and Dollar Tree Stores, Inc. (Dollar Tree) and an order dismissing Dollar Tree. Great Lakes contends that the circuit court erred in finding that its construction lien was waived, pursuant to WIS. STAT. § 779.05(1) (2019-20).[1] We disagree and affirm.

## BACKGROUND

¶2 According to Great Lakes, Riverworks contracted with AMCON Design and Construction Co., LLC, to build a commercial building with a parking lot. Before the start of construction, Dollar Tree agreed to lease a store at the site.

¶3 Great Lakes asserts that AMCON then subcontracted with Great Lakes for work relating to the parking lot. The total price of the original subcontract was $37,165. Soon after, Great Lakes discovered poor soil conditions, which required the removal of the bad soil, importation of stone, and installation of engineered fabric. AMCON signed a change order for Great Lakes to perform additional work for an undetermined price. As the work progressed, AMCON also asked Great Lakes to remove a concrete pad and furnish additional stone. Great Lakes provided two additional change orders for this work to AMCON, but did not receive signed copies back. After the work was completed, Great Lakes invoiced AMCON for a total of $222,238.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶4      After failing to receive payment, the owner of Great Lakes, Duwayne L. Bruckner (Bruckner), went to AMCON's office.  Great Lakes asserts that AMCON stated that all it could pay was $33,448, and provided Bruckner with a lien waiver document, titled "Waiver of Lien to Date."  Great Lakes further asserts that Bruckner agreed to a partial waiver of the lien and crossed out the words "to date" and handwrote in the word "Partial."  AMCON provided Great Lakes a check in the amount of $33,448.

¶5      The lien waiver appears in pertinent part as follows:

Waiver of Lien to ~~Date~~ *Partial* SB

State of WI )
County of WAUKESHA ) SS     Project Name: Riverworks City Center/Family Dollar
                                    PN#: 103000

TO WHOM IT MAY CONCERN:

WHEREAS the undersigned has contracted with (2) Amcon Design & Construction Co., LLC to furnish Excavation for the premises known as Riverworks City Center/Family Dollar, 3334 N. Holton Street, Milwaukee, WI 53212 The undersigned, for and in consideration of $33,448.00 Dollars and other good and valuable consideration, the receipt whereof is hereby acknowledged, does hereby waive and release any and all lien or claim of, or right to, lien, under the statutes of the State of WI, relating to liens of mechanics, laborers and materialmen, with respect to and upon the foregoing described property, and the improvements thereon, and with respect to any statutory lien bond, and on the material, fixtures, apparatus or machinery furnished, and on the moneys, funds or other considerations due or to become due from the Company, on account of labor, services, material, fixtures, apparatus or machinery furnished to this date by the undersigned for the foregoing described property.

Signed this 20 day March of 2017     Signature: Skip Bruckner

Notary-Name: Michelle Biehl     Title: Owner
Subscribed and sworn to before me this 20 day of March 2017     Print Name: SKIP BRUCKNER
My Commission expires April 5, 2019     Company Name: Great Lakes Excavating, Inc.

¶6      No additional payments were made and Great Lakes filed a Subcontractor Claim for Lien on Riverworks in the amount of $188,790, which represented the $222,238 bill minus the $33,448 paid.

¶7      Subsequently, Great Lakes filed a summons and complaint naming AMCON, Riverworks, and Dollar Tree as defendants.  Great Lakes sought a money

3

judgment for AMCON's breach of contract and to foreclose its lien against Riverworks. Both Riverworks and Dollar Tree filed an answer to the original complaint; AMCON did not appear or file an answer.[2]

¶8      Riverworks moved for partial summary judgment on the grounds that Great Lakes had waived all its lien rights because it did not expressly limit the waiver to a particular portion of work pursuant to the procedure set forth in WIS. STAT. § 779.05(1). Dollar Tree joined in Riverworks' motion.

¶9      In response, Great Lakes argued that Riverworks' argument "improperly render[ed] the handwritten word '[P]artial' [on the lien waiver] as surplusage" and that the word "Partial" was not ambiguous. In addition, Great Lakes argued that Riverworks was equitably estopped from asserting that the lien waiver was a full waiver. Great Lakes also separately filed an amended summons and complaint to add a third cause of action, unjust enrichment.[3]

¶10      In reply, Riverworks argued that the language in WIS. STAT. § 779.05(1) was dispositive and that estoppel was inapplicable as Riverworks was neither present nor involved with Great Lakes' signing of the lien waiver.

¶11      A hearing was held on Riverworks' summary judgment motion. The circuit court agreed with Riverworks and Dollar Tree that Great Lakes had not complied with the procedure set forth in WIS. STAT. § 779.05(1) for limiting the waiver to a particular portion of the work. The court stated that "[m]erely changing

---

[2] AMCON did not file a notice of appearance and answer until after the summary judgment order at issue in this appeal was entered.

[3] Later, Great Lakes filed a second amended summons and complaint adding two more causes of action—a fourth cause of action against Riverworks Development Corporation, the parent corporation of Riverworks, for vicarious liability in its control of Riverworks, and a fifth cause of action for theft by contractor.

the title of the lien waiver, without additional explanation, does not specifically and expressly limit the waiver to apply to a particular portion of such labor, services, materials, plans, or specifications." Thus, the circuit court concluded that Great Lakes had waived its lien claim and granted the motion for partial summary judgment on Great Lakes' lien foreclosure cause of action.

¶12 At the hearing, Great Lakes did not raise, and the circuit court did not address, Great Lakes' equitable estoppel argument. Additionally, the unjust enrichment cause of action in the amended summons and complaint was not addressed.

¶13 Great Lakes then petitioned this court requesting interlocutory review, which we denied.

¶14 After the petition was denied, Great Lakes stipulated with Dollar Tree for the entry of a final order dismissing Dollar Tree from this case, which the circuit court granted. Great Lakes now appeals this order and the order granting partial summary judgment on Great Lakes' lien foreclosure cause of action.[4] All other causes of action, including the unjust enrichment claim, remain pending in the circuit court.

---

[4] Riverworks moved to intervene in this appeal, which we granted. Dollar Tree supported Riverworks' request and declined to file a response brief on the basis that its interests would be adequately represented by Riverworks. AMCON has not participated in this appeal.

**DISCUSSION**

¶15 We review a grant of summary judgment *de novo*, applying the same methodology as the circuit court. ***Palisades Collection LLC v. Kalal***, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503. Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶16 In this case, whether summary judgment was appropriate turns on a question of statutory interpretation, which we also review *de novo*. ***Town of Wilson v. City of Sheboygan***, 2020 WI 16, ¶12, 390 Wis. 2d 266, 938 N.W.2d 493.

¶17 When interpreting a statute, we start with the language of the statute. ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the words of a statute are plain, we stop our inquiry and apply the words chosen by the legislature. ***Id.*** "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." ***Id.***

¶18 Lien waivers are governed by WIS. STAT. § 779.05. Subsection (1) provides that a lien waiver document "shall be deemed to waive all lien rights of the signer" unless "the document specifically and expressly limits the waiver to apply to a particular portion of such labor, services, materials, plans, or specifications." Additionally, subsection (1) states that "[a]ny ambiguity … shall be construed against the person signing it."

¶19    Great Lakes argues that the circuit court erred by finding that Great Lakes waived its construction lien in full.  Great Lakes argues that by crossing out the phrase "to Date" and inserting the word "Partial," the parties intended that the waiver would not be a full waiver of the lien claim.  In addition, Great Lakes asserts that the reference to "$33,448 Dollars" in the lien waiver document defined a "particular portion" of the work completed.

¶20    We disagree with Great Lakes.  For the purposes of this opinion, we assume that the parties intended to limit the waiver to a portion of the work.  However, to accomplish this purpose, Great Lakes was required to comply with the plain language of WIS. STAT. § 779.05(1), which it failed to do.

¶21    As noted above, under the plain language of the statute, in order to limit a lien waiver, a document must "specifically and expressly limit[] the waiver to apply to a particular portion of such labor, services, materials, plans, or specifications."  Simply crossing off "to Date" and writing in "Partial" in the title of the document did not specifically and expressly limit the waiver to a particular portion of the work.

¶22    Moreover, the reference to "$33,488 Dollars" in the lien waiver document fails to expressly limit the waiver.  The lien waiver does not state that the "$33,488 Dollars" relates to a particular portion of the work, such as the labor in the original contract, which totaled $37,165.  On the contrary, the lien waiver broadly states that "[t]he undersigned, for and in consideration of $33,488 Dollars … does hereby waive and release any and all lien … on account of labor, services, material, fixtures, apparatus or machinery furnished to this date" by Great Lakes for the Riverworks property.

¶23 Thus, we conclude that the lien waiver document here constituted a full waiver of Great Lakes' lien rights. Great Lakes failed to properly limit its lien pursuant to WIS. STAT. § 779.05(1). Although lien law is generally construed liberally, we will not disregard a statute that is clear on its face. *See Torke/Wirth/Pujara, Ltd. v. Lakeshore Towers of Racine*, 192 Wis. 2d 481, 494, 531 N.W.2d 419 (Ct. App. 1995) (analyzing the notice requirement in WIS. STAT. § 779.06(2)).[5]

¶24 Lastly, Great Lakes argues that Riverworks should be equitably estopped from arguing that the document Great Lakes signed is a full waiver of its lien. Great Lakes, however, first raised its estoppel argument in a three-paragraph response to Riverworks' summary judgment motion. Riverworks responded to this argument in its reply brief. Subsequently, at the hearing on Riverworks' summary judgment motion, Great Lakes did not raise the issue of estoppel or request the circuit court issue a ruling on estoppel.

¶25 Based on the record, we conclude that Great Lakes' estoppel argument was not fully developed in its response brief or adequately argued before the circuit court. Therefore, we decline to address this argument. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

*By the Court.*—Orders affirmed.

---

[5] Great Lakes cites to *Bayland Bldgs., Inc. v. Spirit Master Funding VIII, LLC*, 2017 WI App 42, 377 Wis. 2d 149, 900 N.W.2d 94, for the proposition that we must consider extrinsic evidence. In *Bayland*, however, we did not specifically address whether the lien waivers at issue met the requirements of WIS. STAT. § 779.05(1). *See Bayland*, 377 Wis. 2d 149, ¶¶14-15.