**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 17, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP782**

STATE OF WISCONSIN

Cir. Ct. No. 2018TP6

**IN COURT OF APPEALS**
**DISTRICT II**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A.L.S., A PERSON UNDER THE AGE OF 18:

WALWORTH COUNTY DEPARTMENT OF HEALTH & HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

S.S.K.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Walworth County: DAVID M. REDDY, Judge. *Affirmed*.

¶1      REILLY, P.J.[1] S.S.K. appeals from an order terminating her parental rights to A.L.S., arguing that the circuit court erred by relying solely on her admission to the allegations against her in the termination of parental rights (TPR) petition at the grounds phase.   S.S.K. argues that in addition to her admission, the court needed to take testimony pursuant to WIS. STAT. § 48.422(3) and (7).  We disagree and affirm the order terminating S.S.K's parental rights.

## BACKGROUND

¶2      A.L.S. was removed from her home in June 2016 when she was fifteen months old after it was discovered that A.L.S. had ingested lithium while S.S.K. was "outside working in the yard."[2]   S.S.K. was unable to "provide a consistent explanation of how [A.L.S.] would have access to the medication or why she was unsupervised at that time."  On the day A.L.S. was to be released from the hospital, S.S.K. appeared "under the influence of an illicit substance." S.S.K. fled the hospital before a social worker could speak with her.  When a social worker reached S.S.K. by phone, S.S.K. sounded "disoriented" and "appeared to have difficulty understanding any information provided to her."

¶3      A.L.S. was found to be a child in need of protection or services (CHIPS), and the out of home placement was continued pursuant to a CHIPS dispositional order entered with conditions of return on November 30, 2016. S.S.K. did not meet the conditions for return, and on March 28, 2018, the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] A.L.S.'s father was also home when she ingested the lithium, and he was subject to a TPR petition, which is not at issue in this appeal.

Walworth County Department of Health and Human Services (the County) filed a TPR petition against S.S.K., claiming abandonment pursuant to WIS. STAT. § 48.415(1), continuing CHIPS pursuant to § 48.415(2), and failure to assume parental responsibility pursuant to § 48.415(6).[3]  S.S.K. initially contested the petition but eventually changed her plea to an admission to the TPR ground of continuing CHIPS.  After a colloquy, the court accepted S.S.K.'s admission and found her unfit.  At the dispositional phase, the court heard testimony from several witnesses and determined that it was in the best interest of A.L.S. that S.S.K.'s parental rights be terminated.  S.S.K. appeals.

## DISCUSSION

¶4      S.S.K. argues that the court never established the existence of a factual basis for the TPR petition's allegations through testimony, which she claims is required under WIS. STAT. § 48.422(3) as interpreted by *Waukesha County. v. Steven H.*, 2000 WI 28, 233 Wis. 2d 344, 607 N.W.2d 607.  S.S.K. also argues that there was insufficient evidence at the disposition phase to determine that termination of her parental rights was in A.L.S.'s best interest.  We are not persuaded.

¶5      Where a parent brings a challenge to his or her plea under WIS. STAT. § 48.422(7), we analyze the issue under *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).  *See Steven H.*, 233 Wis. 2d 344, ¶42.  Pursuant to

---

[3] There are two phases in a TPR proceeding: a "grounds" or "unfitness" phase and a dispositional phase.  *See Steven V. v. Kelley H.*, 2004 WI 47, ¶¶24-27, 271 Wis. 2d 1, 678 N.W.2d 856.  At the grounds phase, the circuit court determines whether the parent is unfit based on one of grounds listed in WIS. STAT. § 48.415.  *Steven V.*, 271 Wis. 2d 1, ¶¶24-25.  If the parent is found unfit, the case proceeds to the dispositional phase, during which the court determines if termination is in the best interests of the child.  *Id.*, ¶27.

*Bangert*, the parent seeking plea withdrawal "must make a prima facie showing that the circuit court violated its mandatory duties and [the parent] must allege that in fact he [or she] did not know or understand the information that should have been provided at the [TPR petition] hearing." *Steven H.*, 233 Wis. 2d 344, ¶42. "If [the parent] makes this prima facie showing, the burden shifts to the county to demonstrate by clear and convincing evidence that [the parent] knowingly, voluntarily and intelligently waived the right to contest the allegations in the petition." *Id.* Whether a parent made a prima facie showing is a question of law we review de novo. *See* *Oneida Cty. DSS v. Therese S.*, 2008 WI App 159, ¶7, 314 Wis. 2d 493, 762 N.W.2d 122. "Under *Bangert* … a court may examine the entire record, not merely one proceeding, and look at the totality of the circumstances to determine whether the circuit court's procedures and determinations are sufficient." *Steven H.*, 233 Wis. 2d 344, ¶42.

*Grounds Phase*

¶6    S.S.K. has not made a prima facie case that the plea colloquy was deficient. Of importance is that S.S.K. did not enter a no-contest plea at the grounds phase of this proceeding, but rather she entered an *admission* to the ground of continuing CHIPS. This is an important clarification as the difference between a no contest plea and an admission has implications under the statute. WISCONSIN STAT. § 48.422(3) requires testimony in support of a petition's allegations when a parent pleads no contest. The statute provides that "[i]f the petition is not contested the court shall hear testimony in support of the allegations in the petition, including testimony as required in sub. (7)." *Id.* However, this subsection is inapplicable in this case as S.S.K. admitted to the allegations in the

petition.[4]  *See Steven H.*, 233 Wis. 2d 344, ¶52 ("Deciding not to contest the allegations of the petition is not equivalent to admitting the allegations in a petition.").  Under the facts of this case, where a parent admits the allegations of the petition, the appropriate procedure is found in § 48.422(7), *see Steven H.*, 233 Wis. 2d 344, ¶52, which provides in pertinent part that "[b]efore accepting an admission of the alleged facts in a petition, the court shall" "[m]ake such inquiries as satisfactorily establish that there is a factual basis for the admission," § 48.422(7)(c).  The plain language of the statute does not require the court to ascertain the factual basis through testimony.[5]

---

[4] S.S.K. challenges this reading of the statute, arguing that the language in WIS. STAT. § 48.422(3) requiring the court to "hear testimony in support of the allegations in the petition, including testimony as required in sub. (7)" suggests testimony is required in either no-contest pleas or admissions.  S.S.K. cites to *Kenosha County DHS v. Jodie W.*, 2006 WI 93, ¶25, 293 Wis. 2d 530, 716 N.W.2d 845, for the proposition that § 48.422(7) applies to either a no-contest plea or an admission.  We disagree with S.S.K.'s assertion that testimony is statutorily required where a parent enters an admission at the grounds phase of a TPR petition.  When a criminal defendant or a parent in a TPR case enters a no-contest plea, he or she is not admitting that he or she committed the crime or committed the allegations; instead, he or she is simply not challenging the charge.  *See No contest*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("A criminal defendant's plea that, while not admitting guilt, the defendant will not dispute the charge.").  Under those circumstances, where the individual is not admitting the allegations, it is important for the court to "hear testimony in support of the allegations because testimony safeguards accurate fact-finding and protects the parents."  *Waukesha Cty. v. Steven H.*, 2000 WI 28, ¶56, 233 Wis. 2d 344, 607 N.W.2d 607.  In contrast, where a parent is *admitting* he or she committed the allegations in the TPR petition, there is no need, according to the legislature, to take additional testimony.  *See* § 48.422(7).

[5] As other courts have discussed, the language of WIS. STAT. § 48.422(7)(c) is similar to WIS. STAT. § 971.08(1)(b), which states that under the criminal code the circuit court must "make such inquiry as satisfies it that the defendant in fact committed the crime charged."  The phrase "such inquiry" simply requires the court to "guarantee[] that the defendant is aware of the elements of the crime, and [that] the defendant's conduct meets those elements."  *State v. Thomas*, 2000 WI 13, ¶22, 232 Wis. 2d 714, 605 N.W.2d 836.  Our supreme court found that the "judge must ensure that a defendant realizes that his or her conduct does meet the elements of the crime charged" by the defendant agreeing personally with the factual basis presented, but may also establish it "through witnesses' testimony, or a prosecutor reading police reports or statements of evidence" or "when counsel stipulate[s] on the record to facts in the criminal complaint."  *Id.*, ¶21.

¶7 We conclude that the circuit court sufficiently established a factual basis for the admission. At the hearing, the circuit court conducted a lengthy plea colloquy with S.S.K. The court went through each element of continuing CHIPS under WIS. STAT. § 48.415(2) with S.S.K. and utilized the TPR petition for the factual basis necessary to accept S.S.K.'s admission:

> THE COURT: And I understand that as far as the continuing need is concerned, you are agreeing that those grounds exist for termination of your parental rights?
>
> [S.S.K.]: Yes, I do.
>
> ….
>
> THE COURT: So by entering an admission to the continuing need grounds, then you give up your right to object to what the State would present in support of its petition. Do you understand that?
>
> [S.S.K.]: Yes.
>
> ….
>
> THE COURT: So to the facts contained in the petition relating to the continuing need of protection or services, what is your plea?
>
> [S.S.K.]: I admit.

Just as a criminal defendant may stipulate to the facts established in a criminal complaint at a plea hearing, so too may a parent stipulate to the facts in a TPR petition. *See* ***State v. Thomas***, 2000 WI 13, ¶21, 232 Wis. 2d 714, 605 N.W.2d 836.

¶8 Further, considering the entire record as we are permitted to do, there was a sufficient factual basis for S.S.K.'s admission. S.S.K. suffers from a drug addiction that has contributed to a substantial criminal history involving convictions for drugs and operating a vehicle while intoxicated (OWI). S.S.K.'s criminal behavior led to a car accident in March 2017 that put her in the hospital

and a rehabilitation facility for months with a traumatic brain injury. In February 2018, S.S.K. was convicted of OWI 2nd, 3rd, and 4th and bail jumping, and at the time of the dispositional hearing, she was serving her sentence in prison. S.S.K. had not met her conditions of return, despite reasonable efforts by the County, and at the dispositional hearing the social worker testified that A.L.S. does not have "a substantial relationship" with S.S.K. due to her "behaviors and actions." She explained that A.L.S. had been out of S.S.K.'s home for twenty-nine months, during which time "her visits with [A.L.S.] were extremely inconsistent" and "[t]here were gaps of time with absolutely no contact." S.S.K. admitted that she was abusing pain medication during the times she was having visits with A.L.S., and the social worker informed the court that S.S.K. failed to complete AODA mental health treatment and a psychological evaluation after her brain injury. As S.S.K. has not established a prima facie showing that the circuit court violated its mandatory duties, we see no error with S.S.K.'s admission at the grounds phase.

*Dispositional Phase*

¶9     Finally, we consider S.S.K.'s argument that there was insufficient evidence to determine that the termination of her parental rights was in A.L.S's best interest. Once the parent has been found unfit at the grounds phase, the court's decision to terminate a parent's rights turns on the best interests of the child. *See* WIS. STAT. §§ 48.01(1), 48.426(2). We review the circuit court's determination under the best interests of the child standard for an erroneous exercise of discretion. *See **State v. Margaret H.**, 2000 WI 42, ¶¶27, 32, 234 Wis. 2d 606, 610 N.W.2d 475. "A proper exercise of discretion requires the circuit court to apply the correct standard of law to the facts at hand." **Id.**, ¶32.

¶10 When assessing whether termination is in a child's best interests, the circuit court must consider the six factors under WIS. STAT. § 48.426(3):

> (a) The likelihood of the child's adoption after termination.
>
> (b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> (c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> (d) The wishes of the child.
>
> (e) The duration of the separation of the parent from the child.
>
> (f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

¶11 Here, the circuit court analyzed each of the six statutory factors and explained how they applied in this case. As to the first factor, the court found that the foster parents would be an adoptive resource after termination without any obstacles. The court noted that A.L.S. was removed from her parents' care when she was fifteen months old, that at the time of the dispositional hearing she was almost four years old, and "that there is a difference between the child at the time of disposition and at the time of removal from the home" in terms of her behavior and her speech progress. After considering all the testimony, the court further determined that A.L.S. did not have a substantial relationship with S.S.K. and would, therefore, not be harmed by severing the relationship. As to the time period that A.L.S. had been separated from S.S.K., the court noted that she had been in out of home care for twenty-eight months, which was a "substantially longer period than she was within the care of the biological parents." Finally, the court noted that A.L.S. was "thriving currently with the [foster parents]."

¶12 Nonetheless, S.S.K argues that "[t]he evidence at the dispositional hearing showed that A.L.S. had a strong bond with her mother" as when she visited her mother in prison two months before the hearing "she screamed 'mommy'" and it appeared that she "wanted to remain with her mother in prison and not return to the foster home when the visit was over." S.S.K. also argues that although the court addressed all the statutory elements, "the court's real focus was on the fact that S.S.K. caused herself to become incarcerated upon her own volition."

¶13 In making these arguments, S.S.K. fails to consider our standard of review—erroneous exercise of discretion—which gives deference to the court's decision. *See **Palisades Collection LLC v. Kalal***, 2010 WI App 38, ¶12, 324 Wis. 2d 180, 781 N.W.2d 503. S.S.K. argues that the circuit court's discretionary decision was erroneous based on one visit between S.S.K. and A.L.S. as she disagrees with how the court weighed the testimony and applied the six best interest factors. We find that the circuit court applied the proper standard of law to the relevant facts, and the record supports the circuit court's decision that termination of S.S.K.'s parental rights was in A.L.S.'s best interests.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

9