COURT OF APPEALS
DECISION
DATED AND FILED

**May 5, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.      2025AP1475**

**STATE OF WISCONSIN**

Cir. Ct. No.  2024CV790

**IN COURT OF APPEALS
DISTRICT III**

---

CONSOLIDATED CONSTRUCTION CO., INC,

   PLAINTIFF-RESPONDENT,

 V.

GRIDIRON ENTITIES, LLC,

   DEFENDANT,

BRIAN JOHNSON,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Outagamie County: MARK J. McGINNIS, Judge. *Reversed and cause remanded with directions*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Brian Johnson appeals from a money judgment entered upon summary judgment in a contract action brought against him and Gridiron Entities, LLC, by Consolidated Construction Co., Inc. Johnson contends that the circuit court erred when it determined—based solely upon language in the signature block of a contract between Consolidated Construction and Gridiron Entities—that Johnson was personally liable for any damages owed to Consolidated Construction by Gridiron Entities. We conclude that the contract as a whole was ambiguous with respect to Johnson's personal liability. We therefore reverse the judgment against Johnson and remand with directions, as set forth below.

## BACKGROUND

¶2 Consolidated Construction entered into an agreement to provide design services to Gridiron Entities for a proposed hotel. Johnson served as a Managing Member of Gridiron Entities.

¶3 The main body of the design services contract referred to only Consolidated Construction and Gridiron Entities as contracting parties, and it did not mention Johnson at all. Johnson was listed as a "contact" for the project on an attachment to the contract, and he initialed that attachment and another attachment to the contract under the designation "as authorized (Owner)." However, Johnson signed the contract in the following signature block:

> ACCEPTED BY: Gridiron Entities, LLC
>
> BY: [Johnson's handwritten signature]
> Brian Johnson
> Individually and as Managing Member
>
> DATE: 8/2/23

¶4      After Gridiron Entities failed to make required payments for services rendered under the contract, Consolidated Construction sued both Gridiron Entities and Johnson. Prior to discovery, Consolidated Construction moved for summary judgment against Johnson, asserting that Johnson had agreed to accept personal liability for Gridiron Entities by signing the contract in his individual capacity.

¶5      In response to the summary judgment motion, Johnson denied that he was a party to the contract or had ever intended to be held personally liable for Gridiron Entities' performance on the contract. Johnson filed an affidavit with accompanying materials averring, among other things, that: (1) another Gridiron Entities employee was involved in negotiating the terms of the contract; (2) no one ever communicated to Johnson that he was to be individually responsible for the contract; (3) Consolidated Construction never asked for Johnson's personal financial information while the contract was being negotiated; and (4) Consolidated Construction sent the proposed contract to Johnson, and he signed it electronically.

¶6      The circuit court did not consider the extrinsic evidence of Johnson's intent set forth in Johnson's affidavit because it concluded that the inclusion of the word "individually" in the signature block constituted an unambiguous assumption of personal liability by Johnson.[1] The court granted Consolidated Construction's summary judgment motion and entered judgment against Johnson in the amount of $190,411.66. Johnson appeals.

---

[1] As Johnson correctly points out, any consideration of the collectability of the judgment against Gridiron Entities might go toward the question of piercing the corporate veil, but it has no bearing on the construction of the contract.

**DISCUSSION**

¶7      This court reviews summary judgment decisions de novo, applying the same legal standard and methodology employed by the circuit court.  *Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503. We examine the parties' pleadings and submissions to determine whether there are any material facts in dispute that entitle the opposing party to a trial.  *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶24, 241 Wis. 2d 804, 623 N.W.2d 751; WIS. STAT. § 802.08(2) (2023-24).

¶8      We construe contracts to achieve the parties' intent, giving terms their plain and ordinary meaning.  *Goldstein v. Linder*, 2002 WI App 122, ¶12, 254 Wis. 2d 673, 648 N.W.2d 892.  If the words of a contract convey a clear and unambiguous meaning, our analysis ends.  *Id.*  If the contract language may be fairly construed in more than one way, however, we may look to extrinsic evidence to determine the parties' intent.  *State ex rel. Massman v. City of Prescott*, 2020 WI App 3, ¶14, 390 Wis. 2d 378, 938 N.W.2d 602 (2019).

¶9      In determining whether a contract is ambiguous, we read the contract as a whole so that a small part is not taken out of context.  *Id.*, ¶15*.*  We will attempt to harmonize any contradictory provisions, but if it is impossible to do so, we must decide which provision should be given effect.  *Id.*  Additionally, under the cannon of *contra proferentem*, ambiguous terms may be construed against the drafter of a contract.  *Walters v. National Props., LLC*, 2005 WI 87, ¶¶13-14, 282 Wis. 2d 176, 699 N.W.2d 71.

¶10      The purpose of limited liability is to promote commerce by allowing shareholders to make capital contributions to corporations without risking all of their personal wealth.  *Consumer's Co-op v. Olsen*, 142 Wis. 2d 465, 474, 419

N.W.2d 211 (1988). Accordingly, the general rule is that an agent who signs a contract on behalf of a corporation is not personally liable on the contract unless he or she expressly assumes such liability. ***Benjamin Plumbing, Inc. v. Barnes***, 162 Wis. 2d 837, 850, 470 N.W.2d 888 (1991).

¶11 Consolidated Construction argues that the use of the word "individually" in the signature block expressly conveys Johnson's assumption of personal liability. We agree that signing a contract by using the word "individually" may commonly signify an intent to assume personal liability. Here, however, predicating Johnson's liability on a single word in the signature block ignores the context of the contract as a whole, as well as the fact that it was Consolidated Construction that added that word to the signature block. The contract contains no personal guarantee clause and does not set forth any other personal obligations or benefits for Johnson. The attachments to the contract refer to Johnson as a "contact", and as an "as authorized (Owner)" for Gridiron Entities, not as a personal guarantor. Furthermore, we note that the signature block itself begins with "ACCEPTED BY: Gridiron Entities, LLC," which indicates that entity as being the only one agreeing to its terms.

¶12 Given the contradictions between the signature block and the body of the contract and its attachments, we conclude that the contract as a whole is ambiguous and that extrinsic evidence is necessary to determine the parties' intent regarding Johnson's assumption of personal liability for Gridiron Entities. If the parties did not intend for Johnson to assume personal liability, then the designation in the signature block that Johnson was signing the contract "individually" should not be given effect.

¶13     Summary judgment cannot be granted when a contract is ambiguous and the intent of the parties is in dispute.  ***Energy Complexes, Inc. v. Eau Claire County***, 152 Wis. 2d 453, 466-67, 449 N.W.2d 35 (1989).  We therefore reverse the judgment against Johnson and remand with directions that the issue of the parties' intent must be submitted to the trier of fact, whether that be by a trial to the court or to a jury.

*By the Court.*—Judgment reversed and cause remanded with directions.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).